**John S. BROWN, Plaintiff,**

**v.**

**James J. COEN, Defendant.**

**Civ. No. A-60-60.**

United States District Court
D. Alaska,
at Anchorage.

Oct. 4, 1962.

Albert Maffei, Anchorage, Alaska, for plaintiff.

Warren C. Colver, U. S. Atty., and Weyman I. Lundquist, Asst. U. S. Atty., for defendant.

HODGE, Chief Judge.

This is a libel action brought against the defendant, a Major in the United States Air Force, stationed at Elmendorf Air Force Base near Anchorage, Alaska, based upon a letter alleged in plaintiff's complaint to have been written by defendant "of and concerning plaintiff" to the Commander, 5040th U.S.A.F. Hospital at Elmendorf Air Force Base, which it is alleged contained false, defamatory and libelous matter which was unprivileged, for which plaintiff seeks redress in damages. The suit was first filed in the Superior Court for the State of Alaska, Third Judicial District, and was removed to this court under the provisions of Section 1442, (a) (1), Title 28 U.S.C.A. Defendant has moved for summary judgment on the grounds that the pleadings, depositions, admissions and affidavits on file show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law for the reason that the communication complained of was in the nature of a report for internal agency use and is therefore absolutely privileged.

The circumstances giving rise to the publication of such letter, as shown by the complaint, the uncontroverted affidavit of Major Coen, and admissions by plaintiff in answer to interrogatories propounded to him, are as follows:

Defendant was at the time alleged Commander of a Medical Squadron at the 5040th United States Air Force Hospital. In connection with his duties he first prepared a memorandum addressed to the Base Judge Advocate at Elmendorf requesting an opinion as to his authority to prohibit plaintiff from visiting the barracks at the base by reason of suspicion that plaintiff was engaged in criminal activities. The Staff Judge Advocate replied by letter to Major Coen that as a Unit Commander he may exercise complete jurisdiction over the personnel of his unit and the unit area and that under the provisions of Air Force regulations and Section 1382, Title 18 U.S.C.A. making it unlawful for anyone within the jurisdiction of the United States to go upon any military reservation or post for any purpose prohibited by law or lawful regulation, plaintiff may or should be barred from Elmendorf Air Force Base, and that, in line with the policy announced in the regulation, "it would be incumbent upon the squadron commander to request the Base Commander to order the individual from the base, giving, along with the reasons therefore, [sic] the information requested in paragraph 6a(1) of the cited regulation." Thereupon the defendant addressed a letter or memorandum to his immediate Commander, Colonel Levi M. Browning, suggesting that it would seem to be incumbent upon him to request that plaintiff be ordered not to enter the base, which request was approved by Colonel Browning and forwarded by him to the Base Commander. It is this letter in which defendant stated that plaintiff was suspected of criminal activities which might involve military personnel, upon which the libel is based.

In answer to interrogatories propounded to plaintiff requesting that he set forth in detail the publication of the alleged letter and any and all publications made by defendant in defamation of his character plaintiff answered as follows:

"Publication of Letter was addressed to Base Hosp. USAF Command of Anchorage, Alaska, in which defamatory remarks in regard to my moral integrity, good name, reputation and that of my associates; this letter was sent down through the line of command all the way down to the Provost Marshal Office."

"I was not in military service when these remarks were made. They were passed on to me through military channels, so therefore the defendant was out of place and outside the scope of his duty, because I was not military connected."

These uncontradicted facts show conclusively that the publication complained of was written by defendant in the discharge of his official duties and in relation to matters committed to him for determination, and that under the principles laid down by the Supreme Court of the United States and subsequently followed in other cases, the communication was absolutely privileged. Barr v. Matteo (1959), 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Howard v. Lyons, (1959) 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454; Poss v. Lieberman, (C.A.2 1962) 299 F.2d 358; Preble v. Johnson, (C.A.10 1960) 275 F.2d 275; Gaines v. Wren, (D.C.Ga.1960) 185 F.Supp. 744.

The reason underlying this rule of privilege is thus expressed in the opinion of Mr. Justice Harlan in Barr v. Matteo (pp. 564–565, 79 S.Ct. pp. 1335, 1336):

"We are called upon in this case to weigh in a particular context two considerations of high importance which now and again come into sharp conflict—on the one hand, the protection of the individual citizen against pecuniary damage caused by oppressive or malicious action on the part of officials of the Federal Government; and on the other, the protection of the public interest by shielding responsible governmental officers against the harassment and inevitable hazards of vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities."

and again at p. 571, 79 S.Ct. at p. 1339:

"The reasons for the recognition of the privilege have been often stated. It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect to acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government."

This case involved a press release by the Acting Director of the Office of Rent Stabilization relating to subordinate officials of the same office, which was claimed libelous, which the majority found to be within the line of duty of the officer involved. Upon this point the opinion further states, at p. 575, 79 S.Ct. at p. 1341:

"That petitioner was not *required* by law or by direction of his superiors to speak out cannot be controlling in the case of an official of policy-making rank, for the same considerations which underlie the recognition of the privilege as to acts done in connection with a mandatory duty apply with equal force to discretionary acts at those levels of government where the concept of duty encompasses the sound exercise of discretionary authority.

"The fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint,  *  *  *."

Mr. Chief Justice Warren, in a dissenting opinion, reviews the history of the rule of privilege and makes this significant comment with regard to internal reports within a government agency:

"It may be assumed, *arguendo*, that a government employee should have absolute immunity when according to his duty he makes internal reports to his superior or to another upon his superior's order."

Howard v. Lyons involves a communication from a Captain of the United States Navy and Commander of the Boston Naval Shipyard to the Chief of the Bureau of Ships and the Chief of

Navy Industrial Relations respecting the plaintiffs who were members of the Federal Employees Veterans Association. This opinion follows Barr v. Matteo with respect to the absolute privilege of statements made in the discharge of official duties.

Poss v. Lieberman involves a concededly defamatory statement contained in a report by a claims representative of the United States Department of Health, Education and Welfare "within the agency" with respect to the plaintiff, a lawyer appearing in connection with a claim of plaintiff's wife for Social Security benefits, and also holds that such a report falls within the category of an "internal libel," and is absolutely privileged, for the reasons stated in Barr v. Matteo. In Preble v. Johnson it was held that statements by Civil Service employees to other employees investigating a grievance proceeding were absolutely privileged, following Barr v. Matteo. Gaines v. Wren involves publication by the Acting Industrial Relations Officer, Atlanta General Depot, United States Army, of a letter addressed to the Executive Air Transport Company of Atlanta respecting the discharge of the plaintiff, which is likewise held to be in connection with the defendant's official duties, and is absolutely privileged.

These decisions hold that such privilege extends to any such communication regardless of actual malice, and further hold that summary judgment is the proper remedy.

The contention of plaintiff that such privilege does not apply in his case for the reason that he was not at this time in the military service is not supported by these decisions or any other authority, and in fact the contrary appears in the reported cases, where such principle is applied to an "individual citizen." (See especially Poss v. Lieberman.)

The motion for summary judgment must be granted. A form of summary judgment in favor of the defendant lodged by defendant is therefore signed and may be entered.