**Genevieve I. INMAN, Plaintiff,**

v.

**Amy HIRST, Defendant.**

**Civ. No. 542L.**

United States District Court
D. Nebraska.

Dec. 31, 1962.

Thomas J. Gorham, Lincoln, Neb., for plaintiff.

Bernard Sprague, Asst. U. S. Atty., for Dist. of Nebraska, Lincoln, Neb., for defendant.

VAN PELT, District Judge.

Plaintiff filed her petition in the District Court of Lancaster County, Nebraska, seeking damages from defendant by reason of certain claimed false and fraudulent statements made by defendant. Two statements, one dated April 6, 1962 and the other dated May 3, the year not set forth, were each a part of "an official reprimand" which it is claimed the defendant caused to be made to plaintiff. The matter was removed to this court by the United States Attorney, it being alleged that the defendant was a full time employee of the United States Air Force employed and acting at the Lincoln Air Force Base. Defendant's answer is in the form of a general denial. A motion for summary

judgment was thereafter filed based upon the pleadings on file, the affidavit of Lt. Col. Harry R. Dexter, for whom, as an assistant, defendant was performing her duties at the time of the two letters above mentioned, and the affidavit of the defendant. No counter showing has been filed by the plaintiff.

The basis of the motion is that the acts complained of, if performed, were a part of defendant's duty and within the scope of her employment as an employee of the United States and thereby are absolutely privileged.

The affidavits attached which include the position, description, and classification of the defendant as Deputy Supply Officer, show that the person holding that position "Takes disciplinary action and resolves employee complaints when branch chiefs need assistance" and also show that "Management responsibility involves approximately two hundred (200) subordinate positions."

As above indicated, plaintiff did not make any showing in opposition to that of the defendant. The court finds that any action taken by the defendant with reference to the two reprimands referred to in plaintiff's petition was authorized and taken while she was in the exercise of her official duties as Assistant Base Supply Officer at the Lincoln Air Force Base.

■ Neither plaintiff nor defendant has shown the exact language of the statements which are claimed to be injurious and slanderous. Actually, the statements, if defamatory at all, were libelous rather than slanderous since both appear to have been written statements. It would appear that one of the letters concerned abuse of sick leave. A brief indicates that the other letter charged plaintiff with making a vulgar statement. Whether the statements were libelous per se cannot be determined by the court from the facts before it and is deemed immaterial in view of the conclusions hereafter expressed.

■■ It is contended by defendant that there was no publication of this statement and hence no damage. The point may be well taken in that if there was a publication of the letters it was the plaintiff who was responsible for the publication and not the defendant. However, on the record before the court that is a factual matter which if in dispute cannot be determined on a motion for summary judgment. The court therefore makes no finding thereon.

■ This court is aware that the burden of proof on a motion for summary judgment is upon the movant. See Hyslop v. United States, 8th Cir., 261 F. 2d 786, which holds that a summary judgment may be entered only if there is no genuine issue as to any material fact and that the moving party is entitled to the judgment as a matter of law. It is the court's conclusion, for the reasons hereafter set forth, that as a matter of law, the statements made by defendant were absolutely privileged and were made in the course of her official duties. From this it would follow that the motion should be sustained.

The United States Supreme Court has had occasion to recently pass upon pleas of absolute privilege in Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434, and Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454. The reason for the rule has in part been set forth in Barr where it is said:

"It has been thought important that officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect to acts done in the course of those duties—suits which would consume time and energies which would otherwise be devoted to governmental service and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government." (360 U.S. 571, 79 S.Ct. 1339.)

It is also stated:

"The privilege is not a badge or, emolument of exalted office, but an expression of a policy designed to

aid in the effective functioning of government. The complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation of authority as to many functions, and we cannot say that these functions become less important simply because they are exercised by officers of lower rank in the executive hierarchy." (Pages 572–573, 79 S.Ct. page 1340.)

The policy behind such a privilege has been well set forth by the Court of Appeals for the Seventh Circuit in Sauber v. Gliedman, 283 F.2d 941, 943:

> "Under the rule of the Barr case, privilege is not an attribute of a particular title or rank of office. The test of privilege is the relation of the conduct complained of to matters committed to the official's control and supervision. A public statement may be privileged where the nature of the official's duties requires that he be immune from private tort liability in respect to it in furtherance of the effective functioning of government. Privilege, therefore, is directly dependent upon the scope of power and discretion incident to the duty entrusted to the officer by delegation and redelegation of authority from the highest to the lower levels of the governmental hierarchy."

Although it appears that the defendant was expressly authorized to issue the reprimands here complained of such express authorization is not required. In Preble v. Johnson, 275 F.2d 275, 278 (10th Cir. 1960) the court said:

> "Federal law determines these issues because the privilege involved is that of federal officers or employees 'acting in the course of their duties.' [citing Howard v. Lyons, supra] And it seems fairly plain that the federal law now is that statements are absolutely privileged if made ' * * * within the outer perimeter of * * * line of duty * * *.' [citing Barr v. Matteo, supra] In gauging privilege within this perimeter, the Supreme Court expressly rejected a rigid scope of duty, as literally prescribed by rule or regulation, in favor of a more generalized concept of line of duty. [citing Barr] Thus, statements which are neither strictly authorized by, nor in furtherance of, some rule or regulation may nevertheless be in line of official duty, hence privileged, if they are deemed appropriate to the exercise of the utterer's office or station."

Two cases involving the sustaining of motions for summary judgment which are quite similar to the instant case are the cases of Poss v. Lieberman, 187 F.Supp. 841 (E.D.N.Y.1960), affirmed 2 Cir., 299 F.2d 358, and Brownfield v. Landon, 113 U.S.App.D.C. 248, 307 F.2d 389. The Court of Appeals for the Ninth Circuit in Wheeldin v. Wheeler, 302 F.2d 36, affirmed the dismissal of a suit against a committee investigator for the Unamerican Activities Committee of the United States House of Representatives, basing its decision upon a finding that the defendant was acting within the scope of his authority and that his statements related "to 'matters committed by law to his control or supervision.'"

Similarly, in Brownfield, the Court of Appeals for the District of Columbia held that the matters were committed by law to the officer's control and supervision and that the action was in the line of duty. The court concludes here that even if the statements were libelous or slanderous they were made in the line of duty and in the performance of duties assigned to the defendant as Assistant Base Supply Officer at the Lincoln Air Force Base and thus are absolutely privileged.

An order will be entered sustaining the motion for summary judgment and dismissing the action.