**Leo George BECKER, Plaintiff,**

v.

**PHILCO CORPORATION, Defendant.**

**James J. TAGLIA, Plaintiff,**

v.

**PHILCO CORPORATION, Defendant.**

**Civ. A. Nos. 3081, 3082.**

United States District Court
E. D. Virginia,
at Alexandria.

Sept. 4, 1964.

Frank Tavenner, Falls Church, Va., for plaintiffs.

William W. Koontz, of Boothe, Dudley, Koontz & Blankingship, Alexandria, Va., and Laidler B. Mackall, of Steptoe & Johnson, Washington, D. C., for defendant.

LEWIS, District Judge.

These are suits for libel. The defendant pleads absolute privilege and moved to dismiss on that ground. Affidavits and exhibits were introduced in support of the motion, converting it to a motion for summary judgment. (Rule 12(b), Federal Rules of Civil Procedure.)

The gravamen of both complaints is that a former employee of Philco Corporation, one Patricia Poole, under date of July 17, 1963, wrote the security officer of the defendant corporation charging the plaintiffs with violating the Industrial Security Regulations of the United States while they were employees of the Philco Corporation; whereupon Philco made an investigation of the charges, prepared a report and submitted the same to the Department of Defense, resulting in the suspension of the plaintiffs' security clearance by the Department of Defense. Lacking security clearance, plaintiffs lost their employment with the Philco Corporation.

Plaintiffs allege the statements made in the report by the Philco Corporation to the Defense Department are completely erroneous, malicious, slanderous and libelous.

The defendant corporation admits that in June of 1962 Patricia Poole, in her capacity as a deputy security officer at Philco's Washington offices, made a telephone report to Joseph M. Transue, Security Director of the Philco Corporation, concerning suspected compromise of classified information involving Leo George Becker and James J. Taglia. The deputy security officer was directed to reduce the report to writing, and upon receipt thereof the security officer conducted an investigation of the circumstances reported. The results of this inquiry were then turned over to Robert M. Jones, Vice President of the Philco Corporation in charge of industrial relations, for action in accordance with the requirements of the Department of Defense Industrial Security Manual for safeguarding classified information and the Security Agreement with the Defense Department. Mr. Jones participated in further inquiry of the subject matter which included informing both Mr. Becker and Mr. Taglia of the nature of the report and affording them a full opportunity to be heard, and permitting them to make statements concerning the matter under investigation. A report of the matter was then made to the Defense Department by Philco Corporation. These reports and all matters in connection therewith were handled in a confidential manner.

Philco Corporation is a defense contractor of the United States and as a prerequisite to performing work for the Department of Defense has executed a Department of Defense Security Agreement which provides, inter alia:

"Paragraph 1(A) DD Form 441 SECURITY CONTROLS

"A. The contractor agrees to provide and maintain a system of security controls within its or his own organization in accordance with the requirements of the Department of Defense Industrial Security Manual

for Safeguarding Classified Information attached hereto and made a part of this agreement * * *. In order to place in effect such security controls, the contractor further agrees to prepare standard practice procedures for its or his own use, such procedures to be consistent with the Department of Defense Industrial Security Manual for Safeguarding Classified Information."

The Industrial Security Manual above referred to requires, among other things:

"Paragraph 5. GENERAL REQUIREMENTS—The contractor shall be responsible for safeguarding all classified information under his control. In the furtherance of this requirement, the contractor:

"a. Shall assure that classified information is furnished or disclosed only to authorized persons * * *.

"b. Shall provide suitable protective measures within his facility for the safeguarding of classified information * * *.

"Paragraph 6. REPORTS—The contractor shall submit immediately to the cognizant security officer— * *.

"b. A report, classified if appropriate, of any loss, compromise, or suspected compromise of classified information * * *.

"Paragraph 14.1. LOSS, COMPROMISE OR SUSPECTED COMPROMISE OF CLASSIFIED INFORMATION

"a. The contractor shall establish procedures to insure that each loss, compromise or suspected compromise of classified information is immediately reported to the appropriate official of the contractor having responsibility for security within the facility. Classified information which cannot be located shall be presumed to be lost until an investigation by the cognizant military department determines otherwise.

"b. Immediately upon receipt of such a report, the contractor shall initiate an inquiry to ascertain all

of the circumstances of the loss or compromise. In the event of loss, a thorough search shall be conducted for the classified information.

"c. The contractor shall make an immediate report of the incident to the cognizant security office in accordance with paragraph 6.b."

The Philco Corporation Security Digest, which implements the Industrial Security Manual for safeguarding classified information, provides, inter alia, that all cleared personnel are responsible for:

"(b) Reporting all violators and violations of Security Regulations, to the Security Officer assigned at a facility, and/or to the Corporate Security Director.

"(c) Reporting the suspicious conduct or unusual interest in classified information, of any person, beyond normal requirements on a NEED TO KNOW basis."

The plaintiffs concede that Philco officers and employees are required to conform to the foregoing provisions in re the reporting of actual or suspected security violations to the Department of Defense, but say such is not material to the determination of the motion here under consideration.

The facts first to be determined in these cases, say the plaintiffs, are:

(1) Were the documents obtained by James J. Taglia and Leo G. Becker outside of the normal course of their employment by the Philco Corporation;

(2) were the documents, in fact, classified information;

(3) was the defendant required under the terms of its contract to report the activities of the plaintiffs with reference to the two documents in question; and

(4) did the defendant, in making a libelous report, comply with the provisions of its contract with the United States or was it acting as a volunteer.

Only then can the Court reach the question of whether or not the defendant corporation is entitled to absolute privilege in reporting the incidents to the Defense Department. We disagree.

Clearly persons performing governmental functions are shielded against the hazards of damage suits resulting from the performance of governmental functions. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Poss v. Lieberman, 299 F.2d 358 (2d Cir. 1962).

The classified information here involved were state secrets.

The conduct of the business of the Defense Department requires that it release classified information to its private defense contractors and in so doing it is mandatory that the United States protect itself against hostile or destructive activities by preventing unauthorized disclosure of classified information relating to the national defense.

The Philco Corporation was such a defense contractor and as such was required by law [1] to report to the Defense Department any compromise or suspected compromise of classified information. In so reporting Philco was a link in the Government's overall system whereby classified information is protected. It was thus performing a governmental function.

It is the occasion of the publication rather than the publication itself which is determinative of whether or not it is entitled to absolute privilege. Here the occasion was compliance with government security regulations enacted for the protection of state secrets. Barr v. Matteo, supra; Preble v. Johnson, 275 F.2d 275 (10th Cir.1960).

Further, the communication sued upon was circulated only in closely restricted channels. It was not available to anyone except upon a "need to know" basis and has not been published or otherwise made available to the public.

---

1. The Government's Security Regulations are authorized by statute. See Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377.

To subject Philco, in performing its duty of reporting the compromise or suspected compromise of classified information to the Department of Defense, to "the burden of a trial and to the inevitable danger of its outcome would," in the language of Judge Learned Hand, "dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties." See Gregoire v. Biddle, 2 Cir., 177 F.2d 579.

Summary judgment for the defendant will be granted.

Counsel for the defendant should prepare an appropriate order dismissing the suits, submit it to counsel for the plaintiffs for approval as to form, and it will be entered accordingly.