236 F.2d 94
 Walter W. FLORA and Mildred L. Flora, Partners, doing
business as Flora Engineering Company, Appellants,
v.
SMOKY HILL ELECTRIC COOPERATIVE ASSOCIATION, Inc., a
corporation, Appellees.
 No. 5317.
 United States Court of Appeals Tenth Circuit.
 July 26, 1956.
 
 A. G. McClintock, Cheyenne, Wyo., for appellants.
 V. E. Danner, Ellsworth, Kan., and W. D. Jochems, Wichita, Kan., for appellee.
 Before BRATTON, Chief Judge, PHILLIPS, Circuit Judge, and ROGERS, District Judge.
 BRATTON, Chief Judge.
 
 
 1
 Walter W. Flora and Mildred L. Flora, co-partners doing business under the name Flora Engineering Company, instituted this action against Smoky Hill Electric Cooperative Association, Inc., to recover for professional services rendered. It was alleged in the complaint that the parties entered into three written contracts in which plaintiffs were employed to perform all engineering services in connection with the design and construction of three Rural Electrification Administration projects, designated 'Kansas 45B Ellsworth', 'Kansas 45C Ellsworth', and 'Kansas 45D Ellsworth', respectively; that plaintiffs did all acts and things required of them by such contracts; that the defendant failed to pay plaintiffs the sum of $19,687.49 which it was obligated to pay; and that such sum with interest thereon was due plaintiffs. On account of being voluminous, copies of the contract were not attached to the complaint but were incorporated therein by reference as though repeated at length. The defendant denied that plaintiffs did all acts and things required of them under the contracts. The defendant pleaded that one of the contracts was completed and plaintiffs were fully paid for their services thereunder. The defendant further pleaded that another of the contracts was not performed by plaintiffs, except for the making of a pre-allotment survey, for which plaintiffs were paid; and that plaintiffs abandoned such contract without performing any further service under its terms. And in respect to still another of the contracts, the defendant pleaded that in accordance with an applicable provision therein contained, such contract was terminated; that each of the contracts contained a provision that the Administrator of Rural Electrification Administration, or his duly authorized representative, should be the arbiter of any differences or disputes between the parties arising out of such contract; that the Administrator determined that the defendant was indebted to plaintiffs in the sum of $5,694.92; that such determination became final and conclusive; that defendant tendered such sum to plaintiffs and it was refused; and that defendant offered to confess judgment for that amount.
 
 
 2
 The cause was tried to the court without a jury. The court found among other things that the defendant was organized to build and operate a system for supplying electric energy to people residing in rural areas surrounding Ellsworth, Kansas, with financial assistance from the Rural Electrification Administration; that plaintiffs were awarded contracts for performing the engineering services; that the defendant terminated two of such contracts with plaintiffs; that such termination was later approved by the Administrator of Rural Electrification Administration; that the contracts with plaintiffs each provided for arbitration in the event of termination, named the Administrator as arbiter, and specified that his determination in respect to the compensation of the engineer should be final, conclusive, and binding upon the owner and the engineer; that plaintiffs submitted to the defendant and the Administrator information relating to the amounts due them under the contracts; that the Administrator made his determination as to all amounts due plaintiffs for all services rendered; that such amounts in the aggregate, less payments which had been made, left a balance due plaintiffs of $5,694.92; that defendant sent to plaintiffs a check for such sum as full and final payment; that plaintiffs refused to accept the check in that form but altered it to show payment on account; and that payment of the check in its altered form was refused. The court determined as matters of law that by the terms of the contracts sued upon plaintiffs and defendant designated a final arbiter of any disputed questions between them; that the parties were bound by the arbiter's determination of disputed questions of fact, except for fraud or gross error amounting to fraud; that the arbiter's determination of facts was not subject to revisory powers of the court; that in making his determination of amounts due plaintiffs, the arbiter determined only questions of fact; and that by the voluntary submission of their claims to the arbiter, plaintiffs were estopped to deny the correctness of the arbiter's award or any item thereof. Upon the offer in the answer of the defendant to confess judgment in the sum of $5,694.92, together with interest thereon from the date of the judgment, the court entered judgment for plaintiffs in that amount. Plaintiffs appealed.
 
 
 3
 It is stated in the brief of appellants that primarily the question presented on appeal is the extent to which appellants are bound by the determination of the Administrator, acting in the capacity of arbiter. And the argument submitted by appellants in the presentation of that question is charted upon the level that the arbiter decided questions of law not within the scope of his power; that he erroneously construed and interpreted the provisions of the contracts or ignored them in reaching a determination contrary to law; and that the determination of the arbiter was so palpably erroneous and contrary to the provisions of the contracts that it must be considered the result of fraud, caprice, arbitrary action, or gross error amounting to fraud, and therefore null and void. While admitting that the arbiter made the determination, appellants seek to avoid its conclusive effect upon these grounds. But appellants did not tender such issues in the trial court. The action pleaded in the complaint was a simple one for alleged breach of contract. The complaint merely alleged breach of the contracts by failure to pay amounts due thereunder. The complaint was silent in respect to the determination of the arbiter. The making of the determination by the arbiter was initially pleaded in the answer. And no reply was filed. Appellants did not, by allegation in the complaint, by reply, or by other pleading, challenge the making of the determination by the arbiter or its conclusive effect upon the parties. In presently pertinent part, Rule of Civil Procedure 8(c), 28 U.S.C.A., provides in substance that 'any other matter constituting an avoidance' shall be pleaded affirmatively. Having failed to allege any matter constituting avoidance of the determination of the arbiter, the contentions now advanced for reversal of the judgment are not open to review on appeal. Strouhal v. Allied Development Co., 10 Cir., 220 F.2d 541; Justheim Petroleum Co. v. Hammond, 10 Cir., 227 F.2d 629.
 
 
 4
 The judgment is affirmed.