**Ruth M. CAREY, Executrix of the Estate of B. H. Carey, Deceased, Appellant,**

v.

**SELECTED INVESTMENTS CORPORATION, a corporation, and Selected Investments Trust Fund, an unincorporated association, W. M. Harrison, Trustee, Debtor, and Mid-America Corporation, a corporation, Appellees.**

No. 6804.

United States Court of Appeals
Tenth Circuit.

May 23, 1963.

Charles R. Nesbitt, Oklahoma City, Okl., for appellant.

John B. Dudley, Jr., Oklahoma City, Okl., for appellees.

Peter A. Dammann, Gen. Counsel, David Ferber, Associate Gen. Counsel, Paul J. Kemp, Washington, D. C., Atty., William D. Scheid, Chicago, Ill., Atty., J. Kirk Windle, Sp. Counsel, and Thomas B. Hart, Regional Administrator, for Securities and Exchange Commission.

Before BRATTON, LEWIS and HILL, Circuit Judges.

BRATTON, Circuit Judge.

This appeal is from an order entered by the United States Court for Western Oklahoma denying the claim of B. H. Carey, hereinafter referred to as the claimant, for legal services rendered in connection with the proceeding for the reorganization of Selected Investments Corporation and Selected Investments Trust Fund, an integrated business enterprise, pursuant to Chapter X of the Bankruptcy Act, as amended, 52 Stat. 840, 11 U.S.C. § 501 et seq. The claimant died after the appeal had been perfected and the executrix of his estate was substituted as appellant.

On February 27, 1958, an involuntary petition in bankruptcy was filed against Selected Investments Corporation and Selected Investments Trust Fund; on March 3, a voluntary petition for reorganization under Chapter X was filed; and on the same day, the petition was approved and a trustee was appointed. The nature, extent, and complexities of the businesses conducted by the enterprise were stated with a measure of completeness in Selected Investments Corp. v. Duncan, 10 Cir., 260 F.2d 918, certiorari denied, sub nom., Hart v. Selected Investments Trust Fund, 359 U.S. 914, 79

S.Ct. 584, 3 L.Ed.2d 576, and in Burns v. United States, 10 Cir., 286 F.2d 152, and will not be detailed anew here.

■ The claim was for professional services rendered from about March 25, 1958, to about August 18, 1958, a period of about five months. And the ground on which the court predicated the order of denial was that during such period, the claimant also represented Hugh A. Carroll and his wife, Julia L. Carroll; that the interests of the debtor and those of the Carrolls were in conflict; and that in such circumstances, the services of the claimant were not compensable out of the estate of the debtor. Section 241 of the Bankruptcy Act, as amended, 52 Stat. 900, 11 U.S.C. § 641, provides in presently pertinent part that the judge may allow reasonable compensation to the attorney for the debtor. Under such grant, the court has implied plenary power to review a claim for services of that kind and to disallow it if the attorney at the time of the rendition of the services also represented another party or parties having interests in conflict with those of the debtor. Woods v. City National Bank & Trust Co., 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820.

■ The finding that during the time for which the claimant sought compensation out of the estate of the debtor he was representing interests which were in conflict with those of the debtor is challenged for lack of support in the evidence. It is argued that the services of the claimant were of benefit to the debtor in the reorganization proceeding. Before the intervention of bankruptcy, Carroll was president and controlling manager of the debtor; his wife was secretary; and both were owners of record of stock and trust certificates issued by the debtor. There is no suggestion in the record that the claimant had ever acted as attorney for the debtor. He did not act for the debtor in filing the petition for reorganization. Another attorney acted in that capacity. Within three or four days after his appointment, the trustee instituted a separate action against the Carrolls and others in which fraud was pleaded and an acounting was sought; and judgment for a large amount was entered later against the Carrolls. In rapid succession after the approval of the petition for reorganization and the appointment of the trustee, an order was entered in the reorganization proceeding restraining the Carrolls from disposing of their assets, requiring them to file financial statements, and directing them to appear for oral examination. About three weeks after the approval of the petition and the appointment of the trustee, the employment on which the claimant relied as authority to represent the debtor and the Carrolls was effectuated. It is a fair inference that the Carrolls employed him, and he was paid $3,300 for or on their behalf. Hearings were held in the reorganization proceedings during the period covered by the claim. In the official transcript of such hearings, another attorney was listed as appearing for the debtor. In no instance was the claimant listed as appearing in that capacity. In the hearing of March 26, the claimant stated that he appeared as representing Carroll. At later hearings, he sometimes was listed as appearing for Hugh A. Carroll and sometimes for both Carrolls. Three specific controversies arose between the trustee and the Carrolls. One related to the asserted ownership of certain residential property occupied by the Carrolls as a home. Another related to the asserted rights or interest of the Carrolls in certain insurance agencies. And the third related to the claim of right on behalf of the Carrolls in a finance company. The claimant represented the Carrolls in each and all of such controversies. And while his objections were based primarily on the ground that the court lacked jurisdiction to proceed in bankruptcy, the claimant objected in his professional capacity to the retention of the trustee, objected to the distribution of cash, and objected to other steps in the chronological chain of developments in the proceeding. Without more, we think it is manifest that the finding of the court relating to the claimant's representation of interests which

were in conflict with those of the debtor is adequately supported by the evidence and therefore must stand on appeal.

In view of the crucial finding that within the time covered by the claim, the claimant represented interests which were in conflict with those of the debtor, the claim was not payable out of the bankruptcy estate. Woods v. City National Bank & Trust Co., supra.

Affirmed.