**W. H. Pat O'BRYAN, Appellant,**

v.

**Stephen S. CHANDLER, Appellee.**

**No. 7907.**

United States Court of Appeals
Tenth Circuit.

Nov. 30, 1965.

---

Reagan M. Martin, Dallas, Tex., for appellant.

Granville Tomerlin, Oklahoma City, Okl., for appellee.

John W. Douglas, Asst. Atty. Gen., Morton Hollander and David L. Rose, Attys., Dept. of Justice, Washington, D. C., for United States as amicus curiae.

Roy C. Lytle and William D. Curlee, Oklahoma City, Okl., for Oklahoma Bar Association as amicus curiae.

Before PICKETT, LEWIS, BREITENSTEIN, HILL and SETH, Circuit Judges.

PICKETT, Circuit Judge.

W. H. Pat O'Bryan, an Oklahoma attorney and Certified Public Accountant, instituted this action against Stephen S. Chandler, Chief Judge of the United States District Court for the Western District of Oklahoma, to recover damages, actual and punitive, for alleged malicious prosecution, libel and slander,[1] arising out of certain activities of Judge Chandler before a grand jury, which resulted in a criminal indictment against O'Bryan. This is an appeal from an order dismissing the complaint on the grounds that the alleged misconduct of Judge Chandler was not clearly in the absence of his jurisdiction as a Judge, and that he therefore was judicially immune from civil liability.

It is settled doctrine that a Judge is not liable in damages for acts performed in a judicial capacity unless there is a "clear absence of all jurisdiction" over the subject matter. This is true, even though the Judge's acts are in excess of his jurisdiction and done maliciously, corruptly, or arbitrarily. Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646. This court, in Ryan v. Scoggin, 10 Cir., 245 F.2d 54, 58, announced the rules in these words:

"It is a principle of universal acceptation in its relation to judges at all levels that a judge is not liable in damages resulting from an order entered or a judgment rendered in an action or proceeding over which the court has jurisdiction of the subject matter and of the parties, even though such order or judgment is in excess of the vested jurisdiction, or is otherwise erroneous and is set aside or reversed on appeal or other review. That deep-seated fundamental rule of ancient origin and frequent repetition rests upon considerations of public policy that such immunity is a concomitant of an independent judiciary which is indispensable to the well-being of a free people. * * * (Citing cases). It is only in instances in which a judge acts or proceeds in the clear absence of any color of jurisdiction or proceeds officially in respect to a cause or matter over which the court is clearly without any color of jurisdiction that he may be subjected to personal liability as a trespasser for damages arising out of his unauthorized act. * * *"

See, also, Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434; Gregoire v. Biddle, 2 Cir., 177 F.2d 579, cert. denied 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363; Brictson v. Woodrough, 8 Cir., 164 F.2d 107,[2] cert. denied 334 U.S. 849, 68 S.Ct. 1500, 92 L.Ed. 1772.

It is, of course, the general rule that in considering a motion to dismiss for failure of the complaint to state a

---

1. The action was brought in the District Court of Oklahoma City, Oklahoma, and timely removed to the United States District Court for the Western District of Oklahoma upon petition of Judge Chandler, under the provisions of 28 U.S.C. § 1442.

2. The Brictson case was heard in the 8th circuit before a panel of judges from the 10th circuit sitting by assignment.

cause of action, that all facts well pleaded are admitted. Ryan v. Scoggin, supra. The material allegations of the complaint, and exhibits attached thereto, show that O'Bryan had filed a claim for more than one million dollars in a bankruptcy proceeding known as the "Selected Investments case",[3] then pending in Judge Chandler's court. At a hearing in the bankruptcy proceedings, O'Bryan first supported the claim with oral testimony; he later produced a letter contract in support of his claim. The court found the claim to be fraudulent, disallowed it, and required O'Bryan to return $5,000 to the Trustee in Bankruptcy. O'Bryan was thereupon disbarred from the practice of law in the United States District Court for the Western District of Oklahoma. The Judge was convinced that the letter contract had been fabricated, that the claim was fraudulent, and that O'Bryan had committed perjury in his attempt to sustain it.

On November 7, 1961 a grand jury was convened in the Western District of Oklahoma where it was qualified by Judge Chandler and given the usual general instructions as to its duties.

It is alleged that when the grand jury had completed consideration of the cases to be presented by the United States District Attorney, Judge Chandler, after having consulted privately with the foreman of the grand jury concerning the O'Bryan matter, appeared personally in the grand jury room at the request of the foreman. Judge Chandler first announced that the room was "a United States Court Room now instead of a Grand Jury Room, to keep you all from having to come upstairs." He advised the grand jury that he was there at the request of the foreman to explain the original instructions and to answer questions submitted by members of the grand jury, and he said that when he left

"you can reform as to the Grand Jury." Thereupon the grand jury foreman requested that the Judge furnish certain information which he had concerning O'Bryan's transactions in the Selected Investments Corporation matter. The O'Bryan claim was then explained in detail, including the reasons for its disallowance. The Judge explained that he was not suggesting that any indictment be returned, but that it was his duty to direct the attention of the grand jury to possible violations of criminal laws for investigation. The original instructions were reiterated, and the United States Attorney advised the grand jury that his office stood ready to produce any information that it desired. Thereafter a 2-count indictment was returned charging O'Bryan with making a false claim in a bankruptcy proceeding and with concealing assets from a trustee in bankruptcy, in violation of 18 U.S.C. § 152. On September 28, 1962, Judge Fred Daugherty of the United States District Court for the Western District of Oklahoma, dismissed the indictment without prejudice, upon the ground that Judge Chandler's activities in the presentation to the grand jury of the O'Bryan matter was a "technical irregularity" which invalidated the indictment.

■■ We cannot agree with O'Bryan's contentions that Judge Chandler's conduct was clearly in absence of any jurisdiction and that his acts were those of a private individual. While it appears that the Judge's method of suggesting that the grand jury investigate the O'Bryan matter may have been unusual, irregular, or even erroneous, there nevertheless was no clear absence of jurisdiction. The grand jury was regularly convened in the United States District Court for the Western District of Oklahoma, of which Judge Chandler was the Chief Judge. Acting in that capacity, he had

---

3. Matters involving the Selected Investments Corporation bankruptcy proceedings have been before this court in a number of cases. Carey v. Selected Investments Corp., 10 Cir., 319 F.2d 578; Burns v. United States, 10 Cir., 286 F.

2d 152; Workman v. Harrison, Trustee, 10 Cir., 282 F.2d 693; Selected Investments Corp. v. Duncan, 10 Cir., 260 F.2d 918, cert. denied 359 U.S. 914, 79 S.Ct. 584, 3 L.Ed.2d 576.

qualified the grand jury, designated its foreman and deputy foreman, and submitted to it the usual instructions. It was an appendage to the court over which he presided. Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609, rehearing denied 359 U.S. 976, 79 S.Ct. 873, 3 L.Ed.2d 843. The O'Bryan claim had been heard by Judge Chandler in a proceeding pending in his court; that he strongly suspected irregularity in the filing of that claim is understandable. The propriety of his expressions of opinion as to O'Bryan's guilt is questionable; still, the Judge had the power and jurisdiction not only to call attention to what he thought was a violation of the law, but also to direct that available evidence be presented to the grand jury. Arbor v. Blue, 10 Cir., 45 F.2d 746.

After entry of the judgment dismissing the complaint, O'Bryan sought leave to file an amended complaint. The court refused to permit the pleading to be filed. It is contended here that no responsive pleading had been filed, and that Rule 15(a) F.R.Civ.P. authorized the filing as a matter of right.[4] While there are decisions to the contrary,[5] this court has held that the right to amend without leave of the court ends "with the entry of a judgment dismissing the action" and the filing of amended pleadings thereafter is addressed to the sound discretion of the court. Feddersen Motors v. Ward, 10 Cir., 180 F.2d 519. Accord: Swan v. Board of Higher Education of the City of New York, 2 Cir., 319 F.2d 56.

■■ The prolix document submitted by O'Bryan as an amended complaint covers twenty pages of the printed record, much of which is completely extraneous matter interposed with scandalous and scurrilous statements. It is an attempt to state a cause of action based upon an alleged conspiracy entered into between Judge Chandler and ten other persons. These ten additional individuals are named as defendants without an order of the court. It appears from the amended complaint that the purpose of the so-called "conspiracy" was to effect a disallowance by Judge Chandler of O'Bryan's claim in the bankruptcy proceeding herein mentioned, and to cause a criminal indictment to be returned against him. The only substantive difference between the allegations in the original complaint and those in the proposed amended complaint is that those same acts complained of in the original complaint are now alleged to be the product of the conspiracy. The proposed amended complaint states that the acts of Judge Chandler were "wrongfully, willfully, knowingly, purposely designedly, fraudulently, maliciously, oppressively and corruptly" performed. These are the same acts for which we have heretofore said Judge Chandler could not be held liable in damages. As the trial Judge states, " * * * the acts of defendant [Chandler] of which plaintiff complains are the defendant's private meetings and conversations with the foreman of the grand jury in order to induce the foreman to initiate an investigation of the plaintiff, and the defendant's invasion of the grand jury room and the accusation of the plaintiff that the defendant there made." This is the gravamen of the original complaint as well as the tendered amended complaint. Allegations that the acts of Judge Chandler were part of a conspiracy would not be sufficient to state a claim upon which relief could be granted if the claim is otherwise barred by the

4. Rule 15(a), F.R.Civ.P. provides:
  "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * * "

5. Breier v. Northern Calif. Bowling Proprietors' Ass'n, 9 Cir., 316 F.2d 787; Fuhrer v. Fuhrer, 7 Cir., 292 F.2d 140; Peterson Steels v. Seidmon, 7 Cir., 188 F.2d 193; Kelly v. Delaware River Joint Comm'n, 3 Cir., 187 F.2d 93, cert. denied 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614.

doctrine of judicial immunity. Agnew v. Moody, 9 Cir., 330 F.2d 868, cert. denied 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed. 2d 70; Brictson v. Woodrough, supra. We find no abuse of discretion of the trial Judge in refusing to permit the filing of the amended complaint.

Affirmed.