**Marie Landua WADDELL, Appellant,**

v.

**BOW CORPORATION, Appellee.**

**No. 116–68.**

United States Court of Appeals
Tenth Circuit.

March 26, 1969.

---

L. A. McCulloch,. Jr., Albuquerque, N. M. (F. L. Nohl, Albuquerque, N. M., with him on the brief), for appellant.

John P. Eastham, Albuquerque, N. M., for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Plaintiff-appellant Waddell filed an action in the United States District Court for the District of New Mexico seeking to quiet title in her to a fractional interest in certain mining claims. The second count of the complaint seeks reimbursement for rents and profits accruing from the claimed interest. The third count seeks rent for personal property allegedly withheld unlawfully together with a prayer to determine the ownership interest of complainant in the personal property. Appellee Bow Corporation filed a motion to dismiss for failure to state a claim upon which relief can be granted supported by an affidavit and instruments pertinent to the issue involved. Waddell responded with a counteraffidavit and attached instrument. The trial court heard the arguments, "examined the pleadings,"[1] and dismissed the action with prejudice. An appeal was perfected bringing the matter to this court.

---

1. Language extracted from court's order.

The issue on appeal is the effect of a quitclaim deed executed by plaintiff-appellant with regard to the totality of the conveyance of real and personal property conveyed therein.

Waddell, her husband, and another were named grantees in a mining deed which purported to convey certain mining claims and "machinery where is, as is left in mines, appurtenances of every kind and nature belonging to Grantors and located in the vicinity of said mining claims. * * * " [2]

Approximately nine months later appellant, her husband, their co-owner and his wife executed a quitclaim deed to defendant-appellee corporation which purports to convey "All of their right, title and interest in and to the [described mining claims]."

Waddell contends that by virtue of the laws of New Mexico this instrument conveyed only her interest as a spouse in community property, that her individual interest as co-tenant in common with her husband and the other co-grantee was not conveyed, and she is entitled to have that interest determined in her favor.

Appellant argues that N.M.Stat.Ann. Ch. 57, § 57–4–1 (1953) [3] gave her two separate and distinct estates in the mining property, to-wit, a community property interest and a separate and distinct interest given to married women by the statute. The briefs admit the statute relates only to the deed conveying to her as a grantee but from this Waddell reasons that the statute requires a recognition of both interests when she conveys as a grantor in order that the total interest be conveyed. No authority is cited for the construction propounded by Waddell.

The quitclaim deed executed by Waddell in this case is in the statutory form described in N.M.Stat.Ann. Ch. 70, § 70–1–42(3) (1953).

N.M.Stat.Ann. Ch. 70, § 70–1–29 (1953) [4] declares such a deed when executed "shall * * * have the force and effect of a deed in fee simple to the grantee * * * to his * * * own use of any interest the grantor owns in the premises, without warranty."

■ In addition to the language of the statute above set out, the Supreme Court of New Mexico has held that where

2. Language extracted from instrument in the record.

3. § 57–4–1 provides: "All other real and personal property acquired after marriage by either husband or wife, or both, is community property; but whenever any real or personal property, or any interest therein or encumbrance thereon is acquired by a married woman by an instrument in writing the presumption is that title is thereby vested in her as her separate property. And if acquired by such married woman and any other person the presumption is that she takes the part acquired by her as a tenant in common, unless a different intention is expressed in the instrument; except, that when any such real or personal property is acquired by husband and wife by an instrument in writing in which they are described as husband and wife, unless a different intention is expressed in the instrument, the presumption is that such property is community property of said husband and wife. The presumptions in this section mentioned, are conclusive in

favor of any person dealing in good faith and for valuable consideration with such married woman or her legal representatives or successor in interest and regardless of any change in her marital status after acquisition of said property.

"Provided; that neither the husband of such married woman, nor his heirs or assigns shall commence or maintain any action to show that such real or personal property which was presumed under any prior statute to have been the separate property of any such married woman was community property or to recover said property if the same has been conveyed, sold or contracted to be sold by said married woman prior to July 1, 1947."

4. § 70–1–29 provides in full: "A deed in substance following the form entitled 'Quitclaim Deed' shall, when duly executed, have the force and effect of a deed in fee simple to the grantee, his heirs and assigns, to his and their own use of any interest the grantor owns in the premises, without warranty."

the same party becomes the owner of two estates in the same property, they merge and the lesser becomes extinct.[5]

■ We conclude that, based upon the quitclaim statute [6] and the above cited case, Waddell conveyed all of her interest in the mining claims by the quitclaim deed here examined. To this extent we sustain the trial court's order.

Waddell also contends that the personal property conveyed to her in the mining deed which names her as a grantee was not conveyed to appellee by the quitclaim deed in which she participated as a grantor. The thrust of appellee's argument directed against this contention is that this issue was not raised in the trial court and therefore cannot be reviewed here.

■ We note the trial court in its order said it reviewed the "pleadings" with other evidence. The complaint was the only pleading filed to which appellee responded with its motion to dismiss. Count three of the complaint involved the claim to personal property. We, therefore, conclude from the record that the matter was considered by the trial court and is available for review.[7]

The quitclaim deed identified above as complying with N.M.Stat.Ann. Ch. 70, § 70–1–42(3) (1953) has, in addition to the language set forth in the statute, a further declaration.[8]

The language of the deed,[9] referred to as recorded "at Book 334, Pages 29 to 31, inclusive, Records of Otero County, New Mexico," relating to personal property describes "machinery where is, as is left in mines * * *."

We note that counsel agreed during oral argument that, "appurtenances" did not include personal property. We therefore consider the language set out above against the Exhibit "B" [10] attached to the complaint. Considering the instruments, the language contained therein, and the description of the personalty claimed in count three, we are unable to find evidence in the record which would aid in determining the meaning of "machinery where is, as is left in mines. * * *"

■ In order to justify dismissal of a complaint on the grounds that it does not state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[11]

■ We conclude that there are material facts with substantial controversy which deny a summary judgment pursuant to Fed.R.Civ.P. 56(d). Evidence should be taken on count three of the complaint to establish the facts to be considered in construing the language extracted above.

We therefore affirm the trial court's judgment relating to counts one and two of the complaint and remand to the trial court for consideration the issues pre-

---

5. Tri-Bullion Corp. v. Am. Smelting & Ref. Co., 58 N.M. 787, 277 P.2d 293 (1954).

6. N.M.Stat.Ann. Ch. 70, § 70–1–29 (1953).

7. See Flora v. Smoky Hill Elec. Co-op Ass'n, 236 F.2d 94 (10th Cir. 1956).

8. "The intent of this deed is to convey to Grantee all mining interests acquired by Grantors by virtue of that certain Warranty Deed from Homan Arnold and wife to these Grantors, dated August 10, 1965, and recorded at Book 334, Pages 29 to 31, inclusive, Records of Otero County, New Mexico.
"The consideration for this conveyance is the issuance of stock of the Grantee Corporation to the Grantors."

9. "TO HAVE AND TO HOLD the lands, real estate, mining properties, water rights, all dumps, machinery where is, as is left in mines, appurtenances of every kind and nature belonging to Grantors and located in the vicinity of said mining claims and properties. * * *"

10. Exhibit "B" describes in detail the equipment used in operating the mining claims.

11. Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962); O'Bryan v. Chandler, 249 F. Supp. 51 (W.D.Okla.1964), aff'd, 352 F. 2d 987 (10th Cir. 1965), cert. denied, 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530 (1965), rehearing denied, 385 U.S. 889, 87 S.Ct. 13, 17 L.Ed.2d 123 (1966).

sented in count three in line with the contents of this opinion.

Affirmed in part and remanded for consideration by the trial court.