UNITED STATES of America,
Plaintiff-Appellee,

v.

J. Robert HUIE, Defendant-Appellant.

No. 78–3250
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 13, 1979.

J. Robert Huie, pro se.

J. R. Brooks, U. S. Atty., Melton L. Alexander, Michael V. Rasmussen, Asst. U. S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

The petitioner filed a collateral attack on his federal conviction for conspiracy to defraud by use of the mails and mail fraud, on the ground that the Post Office Department maintained a "mail cover" on his incoming and outgoing mail in violation of the Fourth Amendment.

The original petition attacked the validity of any mail cover. A mail cover consists of the Postal Service's making a record concerning information appearing on the exterior of mail items: the name of the addressee, the postmark, the name and address of the sender (if it appears), and the class of mail. The mail itself is delivered to the addressee. The information is treated as confidential and is furnished to the requesting governmental agency. *See* 39 C.F.R. 233.2; *U. S. v. Choate*, 576 F.2d 165, 174 (CA9, 1978). Both before and after *Katz v. U. S.*, 389 U.S. 347, 88 S.Ct. 507, 19

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

L.Ed.2d 576 (1967), the courts uniformly have upheld the constitutionality of mail covers. See full discussion in *Choate*, 576 F.2d at 174–180. There is no reasonable expectation of privacy in information placed on the exterior of mailed items and open to view and specifically intended to be viewed by others.

This is not to say, however, that a mail cover which extends beyond its proper scope cannot be a violation of the Fourth Amendment. In his amended petition Huie alleged that through the Freedom of Information Act he has discovered evidence tending to show that his mail was opened and inspected; he attached to the amended petition copies of documents which arguably support this contention. The order denying the petition as amended did not address this point.

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.