**In re Grand Jury Investigation of Frank TERRANOVA, Angelo Terranova, F & A Cheese Corp., and Rogersville Cheese Factory.**

No. 80 Misc. 37.

United States District Court, E. D. Wisconsin.

Aug. 26, 1980.

---

Keith E. Corbett, Asst. U. S. Atty., Detroit, Mich., Michael Trost, Asst. U. S. Atty., Milwaukee, Wis., J. Kenneth Lowrie, Sp. Atty., Chicago Strike Force, U. S. Dept. of Justice, Chicago, Ill., for plaintiffs.

N. C. Deday LaRene, Detroit, Mich., Barry Tarlow, Los Angeles, Cal., Dennis P. Coffey, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the motions brought by Frank Terranova, Angelo Terranova, F & A Cheese Corp. and Rogersville Cheese Factory. They are the targets of a federal grand jury investigation into a number of possible offenses, including the making of false statements to a bank to obtain a loan and evasion of income taxes. The movants bring two motions requesting 1) that the grand jury be ordered to appear before this court and receive various instructions, and 2) that this court compel the prosecutor to present a large body of exculpatory evidence to the grand jury. In addition to the government's response, a response was submitted by Raffaele Quesarano in opposition to the motions. The motions will be denied.

For the past year and a half, the movants have been among the targets of a federal grand jury investigation in Detroit. The movants were informed that the grand jury was investigating violations of a variety of laws, including 18 U.S.C. § 1014, the making of false statements in order to obtain credit. The movants have not been indicted by the Detroit grand jury. That grand jury did indict Peter Vitale and Raffaele Quesarano for allegedly extorting the movants. The government subsequently informed the movants that it intended to shift the investigation from Detroit to Milwaukee and to present evidence to a grand jury empaneled in Milwaukee.

The movants contend that they possess a large amount of significantly exculpatory evidence relating to the movants' status as victims of the alleged extortion by Mr. Vitale and Mr. Quesarano. They further maintain that they have requested the government to present this evidence to the Milwaukee grand jury, but that the government refused to do so in a letter dated May 14, 1980, from Keith Corbett, the attorney

in charge of the investigation. The movants contend that failure to present this evidence to the grand jury will deprive the movants of their due process rights under the Fifth Amendment, deprive them of a hearing before a fair and impartial grand jury, and will abuse the grand jury process.

The movants also seek to have the grand jury appear before the court so that the court may give the grand jury various instructions. The movants indicate that they have requested the government to present their proposed instructions to the grand jury, but that the government also refused this request in the May 14 letter. They ask the court to instruct the grand jury regarding the elements of a duress defense, the effect of good character evidence, and the intent requirement of 18 U.S.C. § 1014. The movants assert that failure to give these instructions will result in harms similar to those resulting if the exculpatory evidence is not presented.

The government disputes the contention of the movants that this court has the power to grant the requested relief. The government further disputes the movants' assertion that it intends to abuse the grand jury by not presenting exculpatory evidence and appropriate instructions. The government stresses that the May 14 letter from Mr. Corbett does not specifically agree or disagree with the movants' requests but does state:

"The presentation of the evidence to the grand jury shall be conducted in accordance with the law and the policies of the United States Department of Justice. All proceedings before the grand jury will be transcribed by a court reporter. Additionally, I hereby offer Mr. Terranova the opportunity to appear before the grand jury should he so desire."

■ The movants appear to have a misconception of the grand jury process. It is true, as the movants note, that despite its great independence, the grand jury is "an appendage of the court," *Brown v. United States,* 359 U.S. 41, 49, 79 S.Ct. 539, 545, 3 L.Ed.2d 609 (1959), and is subject to the supervision of the court. *United States v.*

*Stevens,* 510 F.2d 1101 (5th Cir. 1975). However, it does not follow that this court should grant to the movants the relief which they have requested.

■ The grand jury is intended to be an investigatory body, designed to determine whether sufficient evidence exists to cause the accused to face trial. *United States v. Levinson,* 405 F.2d 971, 980 (6th Cir. 1968). The movants' proposed instructions would markedly alter this process. The instruction on duress and good character evidence would introduce elements which go well beyond whether probable cause exists that a crime has been committed by the alleged wrongdoers. Such a result would far exceed the Fifth Amendment requirements for grand jury proceedings described by Justice Black in *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). As to the request for an instruction regarding the intent element of 18 U.S.C. § 1014, the government readily acknowledges its duty to instruct the grand jury on every element of any offense presented to the grand jury.

The movants have not presented a single case in which the court issued the type of instructions requested here. Their reliance on *O'Bryan v. Chandler,* 352 F.2d 987 (10th Cir. 1965), is misplaced. Far from indicating approval for the procedure of instructing a grand jury, *O'Bryan* merely refused to find that the judge in question had acted outside the bounds of his official position, and thus did not find him civilly liable for libel and malicious prosecution.

■ Similarly, the movants can find no case where a federal court has ordered the presentation of exculpatory evidence and concede that none exists. There is no requirement in the federal system that the prosecution submit evidence that negates guilt. *United States v. Y. Hata & Co.,* 535 F.2d 508, 512 (9th Cir. 1976). Failure to present such evidence does not mean that an otherwise valid indictment will be rendered invalid. *United States v. Ruyle,* 524 F.2d 1133 (6th Cir. 1976).

Despite the lack of case law supporting the movants' positions, they request that this court act because of the unusual nature of this case, but their request is premature. There is no indication in the record that the government has abused the grand jury process or contemplates doing so. A presumption of regularity attaches to grand jury proceedings, *In re Lopreato*, 511 F.2d 1150 (1st Cir. 1975), and nothing has been presented which would remove that presumption.

The government has also indicated that all the evidence presented to the Detroit grand jury has been or will be presented to the Milwaukee grand jury. This body of evidence apparently contains a large portion of the exculpatory evidence which is the subject of the motion. The Terranovas have also repeatedly refused the government's offer to arrange their appearances before the grand jury. There is no indication that the government intends to abuse the grand jury process by excluding evidence exculpatory to the movants. In fact, as the movants themselves indicate, presentation of such evidence is frequently required by justice department rules, *see* United States Attorney's Manual, § 9–11.-334; the government has already indicated its intention to comply with these rules.

It should also be noted that much of the "evidence" which the movants wish this court to order offered is of an extraordinary nature. Much is hearsay, based on unsupported supposition and rumors, and it is deemed by Mr. Quesarano to be so injurious to his reputation that he has felt compelled to resist the motion.

The movants' applications will be denied. The requested relief in many ways goes well beyond the proper function of this court, and there is nothing in the record which would justify interference with the grand jury. The denial of the motions makes it unnecessary to consider the relief requested by Mr. Quesarano.

It should be noted that the government has made several representations regarding its intended conduct before this grand jury. There is no present indication that these representations are not accurate, but the situation may well be different if upon review of any indictment brought by this grand jury any material representation by the government is shown to have been significantly inaccurate. *See United States v. Roberts*, 481 F.Supp. 1385 (C.D.Cal.1980).

Accordingly, IT IS ORDERED that the motions to have the grand jury instructed and to require the presentation of exculpatory evidence be and hereby are denied.