### KEY et al. v. WEST KENTUCKY COAL CO. et al.

(District Court, W. D. Kentucky, at Owensboro. December 2, 1916.)

1. REMOVAL OF CAUSES ⊛110—REMOVAL AFTER REMAND—FILING SECOND PETITION.

Where an action against a citizen of the same state as plaintiff and a foreign corporation was remanded to the state court, after removal on the ground of separable controversy and collusive joinder of parties to prevent removal, a second petition for removal on the same grounds, but alleging that no cause of action was stated against the citizen, which petition was filed before the trial, and while the citizen was still a party, did not entitle plaintiff to removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 236; Dec. Dig. ⊛110.]

2. REMOVAL OF CAUSES ⊛86(3)—PETITION—NECESSITY.

A foreign corporation, jointly sued with a citizen of the same state as plaintiff, is not entitled to removal on a motion after a trial at which the verdict was in favor of plaintiff against the foreign corporation only, no petition sufficient under the statute having been filed after the verdict, particularly where the cause had been remanded by the federal court after removal on a prior petition alleging separable controversy and fraudulent joinder of the parties.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 171; Dec. Dig. ⊛86(3).]

3. REMOVAL OF CAUSES ⊛107(4)—EFFECT OF REMAND—REVIEW OF SUBSEQUENT PROCEEDINGS IN STATE COURT.

Where a cause removed on the grounds of separable controversy and collusive joinder is remanded, the federal court cannot review the testimony presented to the jury in the state court, or act upon it, even if it establishes either of the grounds urged for removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 227; Dec. Dig. ⊛107(4); Appeal and Error, Cent. Dig. § 725.]

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **REMOVAL OF CAUSES ☞110—REMOVAL AFTER REMAND—SECOND PETITION.**
A second petition for removal cannot be filed, except where before trial on the merits the suit is changed by plaintiff's act, so as to be for the first time brought within the removal statute.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 236; Dec. Dig. ☞110.]

5. **REMOVAL OF CAUSES ☞79(7)—TIME FOR FILING PETITION—EFFECT OF AMENDMENT.**
If a petition for removal is filed promptly after the plaintiff by amendment first brings the cause within the removal statute, it is in time.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 145; Dec. Dig. ☞79(7).]

6. **REMOVAL OF CAUSES ☞107(6)—PETITION FOR REMOVAL—AMENDMENT.**
Leave to file an amended petition for removal cannot be sustained at the hearing of the motion to remand.
[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 229; Dec. Dig. ☞107(6).]

At Law. Action by Clarence Key and his guardian, Joseph Waggoner, against the West Kentucky Coal Company and another. On motion to remand to the state court. Motion sustained.

C. J. Waddill, of Madisonville, Ky., for plaintiffs.
W. J. Cox, of Madisonville, Ky., and W. P. Sandidge, of Owensboro, Ky., for defendants.

EVANS, District Judge. This action was commenced in the Webster circuit court on June 16, 1915, on a claim for $30,000 damages for personal injuries to an infant employé. The plaintiffs and the defendant Elswick are citizens of Kentucky. The West Kentucky Coal Company (which we shall call the Coal Company) is a citizen of New Jersey by virtue of its incorporation in that state. It filed its petition for the removal of the cause upon the two grounds, stated generally, of separable controversy and the joinder of Elswick as a defendant with the fraudulent intent to thereby prevent the removal of the case to this court. This petition was filed on July 5, 1915, and a proper bond was tendered and approved by the state court. On the same day that court denied the petition for removal, but in its order doing so reserved the right of further control over the matter after the case had been tried on the merits. The Coal Company then demurred specially and also generally to the petition, but neither demurrer was sustained by the court, and on the same day the Coal Company filed its answer. On that day, also, Elswick filed a general demurrer to the petition, which being overruled, his separate answer was filed. On July 20, 1915, the plaintiff filed a reply to the answer of the Coal Company. Afterwards a transcript of the record was filed in this court by the Coal Company, and the plaintiff moved to remand the action to the state court. This court, being in doubt about its jurisdiction, followed the general rule obtaining in such situations, and on November 29, 1915, sustained the motion to remand.

Subsequently the case was set for trial in the state court on the 11th day of April, 1916. On that day, and before the trial was begun, the Coal Company filed another petition for removal, stating therein, but

more in detail, the same general grounds as those stated in the original petition for removal, and tendered another bond, which was also approved by the state court. On April 12, 1916, this petition for removal was also denied by the state court, and thereupon the Coal Company filed an amended answer to the merits. On April 13th the trial of the case before a jury was begun. On the 14th, the case having been heard, the jury, by a vote of nine of its members, returned a verdict in favor of the plaintiffs for $10,000 damages against the Coal Company, but said nothing as to the issue between plaintiffs and Elswick. The state court, from this silence, inferred a verdict for Elswick, and accordingly adjudged that the plaintiffs recover $10,000 against the Coal Company, but nothing from the defendant Elswick, and dismissed the action as to him. Before the case was submitted to the jury the defendant Coal Company had moved the court to instruct a verdict in its favor, and defendant Elswick had also made a similar motion, but these motions were overruled. After the verdict had been rendered, but before the judgment thereon had been entered, though without filing another petition for removal, the Coal Company "re-entered" its "motion" to remove the case to this court. This motion was overruled. In this situation the Coal Company again filed a transcript of the record in this court, and the plaintiffs have again moved to remand the case to the state court. It is thus that the interesting questions before us have been raised.

As has been seen, the Coal Company, on July 5, 1915, filed its petition for the removal of the suit to this court. This was within the time for answering as fixed in the state practice, and conformed, in that respect, to the provisions of the removal act. When on the same day the state court denied the petition for removal, the Coal Company filed its answer to the merits—a step which did not waive its rights under the petition for removal. Railroad Co. v. Koontz, 104 U. S. 14, 26 L. Ed. 643. The second petition for removal set up grounds substantially similar to those stated nearly a year before in the first petition for removal, except that in the second petition it was alleged that no cause of action was stated in plaintiffs' petition against Elswick. The latter fact, however, is not a statutory ground for removal, though it sometimes becomes an important factor in considering grounds that are statutory, as, for example, it may show that a defendant is a mere nominal party, whose presence, for that reason, should not prevent removal.

[1] Was the second petition filed within the time prescribed by the removal statute? and did the status of the case *at the time it was filed* justify that proceeding? are two important inquiries. Certainly it did not *then* appear from the record or the petition for removal that there had been any change in the situation of the parties since the final disposition of the first effort to remove, and the plaintiffs had taken no step which dismissed out of the case the defendant Elswick. In the case of Powers v. Chesapeake & Ohio Ry. Co., 169 U. S. 93, 18 Sup. Ct. 264, 42 L. Ed. 673, there had been filed a petition for the removal of the action to the Circuit Court because of a separable controversy and the fraudulent joinder of certain local defendants. The transcript of the record having been filed in the Circuit Court, the plaintiff moved

to remand the case. This motion was sustained. Afterwards, when the case came before the state court, the plaintiff, in advance of a trial, voluntarily dismissed the action against the citizens of Kentucky, as to whom it had been alleged that there was a separable controversy and a fraudulent joinder. At once, but after that dismissal, the non-resident defendant filed another petition for the removal of the case, therein disclosing a right to remove by showing that the suit had become one which was solely between a plaintiff and a defendant of diverse citizenship. The case being thus removed to the Circuit Court, a trial was had there, with the result that judgment was rendered in favor of the defendant. After a hearing in the Circuit Court of Appeals, the question of jurisdiction was certified by it to the Supreme Court, which sustained the removal, and affirmed the judgment rendered by the Circuit Court, upon the distinct ground that the second petition for removal showed that *when it was filed* there existed the requisite diverse citizenship, and that the last petition was in time, because it had been filed in the state court as soon as the difficulty in the way of a removal had been taken out of the case by the plaintiff himself. The Supreme Court held that not until after the dismissal of the case against the Kentucky defendants had the record shown a state of fact which authorized the removal, but that simultaneously with that dismissal there for the first time appeared a controversy solely between a citizen of Kentucky and a citizen of another state, which state of fact was shown in the last petition for removal. But, while sustaining the right to file a second petition under such circumstances, the Supreme Court distinctly held that such step must be promptly taken in order to bring the case within the time fixed in the removal act. So that we see from that opinion that two things must concur to vindicate the filing of a second petition for removal, namely, the appearing in the record for the first time of a state of fact which authorizes the removal and the prompt filing by the defendant of a new petition showing the facts as they then exist.

The Coal Company here did not wait until the obstacle had been removed, but in advance of a trial on the merits, and when the result of such a trial could not be known, filed the second petition. It did this at a time when the *record,* so far as the grounds of removal based on separable controversy and fraudulent joinder were concerned, was in the same situation as when the first petition had been filed, except that the question on those grounds had become res adjudicata so far as this court had power over it. In no way can we see how the case was open to removal at the time the second petition was filed, because, first, the status had not been changed since it was first removed, and, second, because the last petition for removal did not itself show a controversy solely between citizens of Kentucky on one side and a citizen of New Jersey on the other; Elswick, a citizen of Kentucky, being still a defendant.

[2] While a different situation, at least of fact, was presented after the verdict in favor of Elswick, it in no way aided the Coal Company's claim of right to remove. The action had been tried in invitum and on its merits by the jury, and while the verdict was against the Coal

Company it was in favor of Elswick. Nevertheless there had been a trial on the merits and a verdict which covered the case against both defendants equally.

The case of Fred. Springer v. American Tobacco Co. (D. C.) 208 Fed. 199, heard in this court in October, 1913, was a case where there had been a second petition to remove it from the state court. The last one of these was filed after the latter court, during the trial and after plaintiff's testimony had all been heard, had instructed a verdict in favor of that one of the defendants whose situation was similar to that of Elswick in this case. The verdict having followed this direction, a judgment was rendered in favor of that defendant. After that point had been reached, the American Tobacco Company, before any other step was taken in the trial against it, moved the court to remove the case to this court "on the petition heretofore filed." When the transcript was filed in this court the plaintiff moved to remand the case upon the grounds, first, that the defendant had failed to file a petition for such removal, and, second, had failed to file a sufficient petition therefor. In the opinion then delivered we said:

"It is difficult to escape the conclusion, and we must hold, that the judgment of this court on the motion to remand was a final, and, because not appealable, was an uncontestable adjudication of the question of the right to remove the case upon the petition filed in July, 1912. Certainly it was so upon the case as then presented by the record, and we cannot see how the Removal Act of 1887 or the Judicial Code has authorized a second petition for removal 'upon the same grounds,' any more than did the Removal Act of 1875, as to which the Supreme Court expressed its judgment in St. Paul & Chicago R. R. Co. v. McLean, 108 U. S. 217, 2 Sup. Ct. 498, 27 L. Ed. 703. In Huskins v. Cincinnati, etc., R. R. Co. (C. C.) 37 Fed. 504, 3 L. R. A. 545, and other cases where the plaintiff, after the time for answering in the state court had expired, amended his petition so as to cause, for the first time, the amount claimed by him to exceed the jurisdictional amount prescribed in the act, it was held that the defendant, who theretofore had no right to remove the case, might at once present his petition and obtain that relief. It was held in Powers v. C. & O. Ry. Co., 169 U. S. 92, 101, 102, 18 Sup. Ct. 264, 42 L. Ed. 673, that, if the plaintiff discontinues his suit against one defendant who has the same citizenship as the plaintiff, the other defendant, whose citizenship is diverse to that of the plaintiff, may file even a second petition to remove the case, because theretofore the act and conduct of the plaintiff alone had kept the case from being one in which a removal was authorized. Such second petition would not be upon the same grounds as the first, but upon another. When the plaintiff voluntarily acts, and himself eliminates the only obstacle to a removal of the case, and thereby for the first time leaves the case open to that remedy, there seems to be no doubt that the right to remove may be made available, and in such cases the plaintiff is estopped from insisting that the petition to remove comes too late. Differing from those instructive cases, there was here, after the action was remanded, a trial on the merits, and by the judgment of the court, upon Gunther's motion, and not upon the motion of the plaintiff, Gunther, upon plaintiff's testimony, was adjudged not to be liable for plaintiff's demand, and we think this disposition of the case on the merits as between the plaintiff and Gunther did not give the American Tobacco Company the right again to remove the case to this court. This question seems to be expressly ruled in Whitcomb v. Smithson, 175 U. S. 637, 20 Sup. Ct. 248, 44 L. Ed. 303; and see, to the same general effect, Kansas City, etc., R. R. Co. v. Herman, 187 U. S. 63, 68, 69, 23 Sup. Ct. 24, 47 L. Ed. 76."

It resulted that the motion to remand the Springer Case was sustained, as no petition for its removal had been filed adjusted to the lat-

est status. We see no reason to change the views then expressed, as the authorities cited were clear and explicit.

The present case differs from the Springer Case in this: That there the "motion" was made during the trial, but before the case had been disposed of as between the plaintiff and the Tobacco Company, while here the "motion" was "re-entered" by the Coal Company after both petitions for removal had been denied, and after the verdict as to both defendants had been returned by the jury, though before the judgment had been rendered thereon. This case, therefore, is hardly as strong in favor of removal as was the Springer Case. As it was in that case, so it is here, no petition had been filed showing a pending and untried suit solely between citizens of Kentucky and a citizen of New Jersey, whereby the defendant could, if possible, have met the condition which arose after the verdict of the jury had been returned. The filing of such petition was indispensable, if the defendant desired to present the question. A mere motion was not sufficient.

It seems, therefore, that nothing was open to the Coal Company except to ask, as it did, that the state court exercise any control it had left open to itself in the order of July 5, 1915. That court, in exercising this control, denied the motion to remove, and the Coal Company, of course, has the right to appeal the whole case to the Kentucky Court of Appeals, where the questions properly involved in the case may be heard and disposed of.

[3] There is, in such cases, no right of appeal to this court, and it is out of our power to review the testimony heard by the jury, or to act upon it, even if, after reading it, we should conclude that it was sufficient to establish either of the two grounds urged for the removal of the case.

[4, 5] Thus we find that several general propositions are very clearly established by the authorities cited, among them, that the removal statute does not authorize nor permit the filing of a second petition for removal, except where, before a trial on the merits, the plaintiff changes the parties by a dismissal of the local defendant, or where before, or even during, the trial he amends his pleading, and thereby increases the amount in controversy to a sum exceeding $3,000, exclusive of interest and costs, or himself does some other thing analogous to those mentioned. If plaintiff's suit is thus changed by his act, he thereby for the first time brings it within the removal statute. Then, if a petition is promptly filed showing those facts, it will be in time as well as effective, and the situation entitling defendant to remove will be the result of plaintiff's own acts, and not of a judicial decision made during a trial in invitum, such, for example, as an instructed verdict for the local defendant at the close of plaintiff's testimony.

It follows inevitably, we think, that the motion to remand the case to the Webster circuit court must be and is sustained.

[6] At the hearing of the motion to remand the Coal Company tendered and asked leave to file an amended petition for the removal of the action. We think this motion cannot be sustained at this stage, and it is overruled.