**GRAY et al. v. STANFORD RESEARCH INSTITUTE et al.**

Civ. A. 1378.

United States District Court
N. D. Texas, Lubbock Division.
Dec. 2, 1952.

Park & Hemphill, Snyder, Tex., for plaintiffs.

L. W. Anderson, Dallas, Tex., for defendant Stanford Research Institute.

Carrington, Gowan, Johnson & Walker, Dallas, Tex., for the defendant partnership Slick-Moorman Oil Co.

Cox, Patterson & Smith, San Antonio, Tex., for the defendants Slick-Moorman Oil Co., and American Republics Corp.

Burton W. Morris, Houston, Tex., for defendant American Republics Corp.

DOOLEY, District Judge.

The nature of this suit, brought by several personal citizens of Texas against a partnership citizen of Texas, a corporate citizen of California, and a corporate citizen of Delaware, as well as the Court's ruling on the first petition for removal filed by the defendant of California, and the grant of plaintiffs' then motion to remand the case, are covered in a previous decision under an earlier number and reported in 108 F.Supp. 636.

In the meantime the same defendant has filed a second petition for removal, and the plaintiffs in turn have again filed a motion to remand. The first petition for removal sought to sustain the requisite diversity of citizenship on the theory that no cause of action was alleged against the partnership defendant, or at least that a separate and independent cause of action was alleged against the defendant of California. The second petition for removal undertakes to sustain the requisite diversity of citizenship on the theory that the partnership defendant was fraudulently joined to defeat federal jurisdiction under the removal statute. Title 28, U.S.C.A. § 1441(c). It is evident that the substantive ground for removal, apart from the requisite jurisdictional amount in controversy, is diversity of citizenship, in both petitions for removal. The variation between the two is in the reasons given to suppress the partnership defendant as a hindrance and thus demonstrate valid diversity of citizenship supporting removal. In other words, the defendant has not specified any new ground for removal, and consequently the first remand is conclusive against the second petition for removal. St. Paul & Chicago Ry. Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L. Ed. 703; McLaughlin Bros. v. Hallowell, 228 U.S. 278, 33 S.Ct. 465, 57 L.Ed. 835; Key v. West Kentucky Coal Co., D.C., 237 F. 258. The plaintiffs' motion to remand is granted, and proper order may be presented by counsel.