Jacob M. POSS, Plaintiff-Appellant,

v.

Jerome LIEBERMAN, Defendant-Appellee.

No. 126, Docket 26692.

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1961.

Decided Feb. 13, 1962.

Jacob M. Poss, New York City, pro se.

Malvern Hill, Jr., Asst. U. S. Atty., E. D. New York, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., on the brief), for defendant-appellee.

---

Before WATERMAN, SMITH and MARSHALL, Circuit Judges.

SMITH, Circuit Judge.

 This is an appeal from an order and a judgment of the United States District Court for the Eastern District of New York, Joseph C. Zavatt, District Judge, denying appellant's motion to remand the case, a libel action against a claims representative of the United States Department of Health, Education and Welfare, to the state court. The appeal from the order is on the ground that the facts necessary for removal under 28 U.S.C. § 1442(a), which provides for removal in a civil action against "any officer of the United States * * * for any act under color of such office," did not appear in the complaint. The appeal from the judgment is from an order granting appellee's motion for summary judgment in his favor based upon an absolute and unqualified privilege of a federal officer. The judgment of dismissal is final and appealable. The appeal, attacking the existence of federal jurisdiction in the District Court, raises before us the propriety of the denial of the motion to remand, whether or not this is considered a final order. We hold the case properly removed, and that absolute privilege existed under the circumstances of this case, and affirm the judgment.

Plaintiff is a lawyer in good standing, of many years practice at the bar. He appeared before defendant, a claims representative of the United States Department of Health, Education and Welfare, at an interview in connection with a claim of plaintiff's wife for Social Security benefits based on employment by corporations owned and operated by plaintiff. In a report made in the case in the agency, defendant stated that plaintiff had told him that some years before plaintiff had been disbarred as a lawyer. In fact, no disbarment or disciplinary action has ever been taken against plaintiff. Plaintiff, on learning some time later of the matter contained in the report in his wife's case, sued in the New York Supreme Court for libel, alleging falsity and malice. Defendant raised for the first time in his petition for removal to the United States District Court a claim that the libelous statement was made in the course of federal employment, and privileged.

 Under the removal statute 28 U.S.C. § 1441 it is necessary for the facts to appear on the face of the complaint or subsequent amendments filed by the plaintiff; as to this there is no disagreement. Romick v. Bekins Van & Storage Co., 197 F.2d 369 (5 Cir. 1952). Hart & Wechsler, The Federal Courts and The Federal System, 763 n. 1 (1953). This is because the case may be removed under Section 1441 only where it is one over which the federal courts would have original jurisdiction. This they do not have based upon a federal right asserted by way of defense. This is not the case, however, under 28 U.S.C. § 1442(a) under which the removal in this case was sought and obtained. The removal is based on a federal interest in the matter, the facts underlying which may be stated in the removal petition itself, whether or not federal jurisdiction existed over the claim as stated in the complaint as originally served. Where a federal officer asserts a privilege for acts done under color of his office the defense is based upon a federal right, the purpose of which is to prevent federal employees from being unduly harassed by "vindictive or ill founded damage suits brought on account of action taken in the exercise of their official responsibilities." Barr v. Matteo, 360 U.S. 564–565, 79 S.Ct. 1335, 1336, 3 L.Ed. 2d 1434. Consequently, the federal government has a special interest in such matters which justifies the granting of removal jurisdiction to the federal courts in such cases. Congress has not in § 1442, as in § 1441, required that the case be one over which the court have original jurisdiction in order for the defendant to obtain removal. In the Revision of Title 28 U.S.Code, Act of June 25, 1948, c. 686, 62 Stat. 938, the right of removal was extended to apply to all officers and employees of the United States or any agency thereof. See Reviser's Note 28

U.S.C.A. § 1442. The action was properly removed.

■ We come to the merits of the summary judgment of dismissal. It is based on a ruling that the concededly false and libelous statement that plaintiff had admitted that he was a disbarred lawyer, inserted by defendant in a report within the agency, was absolutely privileged, that is, not actionable regardless of actual malice. Such an absolute privilege is usually justified on one of two grounds, the possibility of harassment of government officers and consequent difficulty in recruitment of able men for such positions if every exercise of discretion were subject to attack directed against the officer personally in the civil courts, and the necessity to its proper functioning of free communication within the government agency.[1]

It may be doubted that the first ground would have much validity if applied to merely clerical or minor administrative positions, important as it may be to positions on the policy making level. The recent cases upholding absolute privilege, Gregoire v. Biddle, 177 F.2d 579 (2 Cir. 1949), Barr v. Matteo, 360 U.S. 564, 79 S. Ct. 1335 (1959) and Howard v. Lyons, 360 U.S. 593, 79 S.Ct. 1331, 3 L.Ed.2d 1454 (1959), while perhaps couched in language supporting the claim of absolute privilege regardless of the nature of the public office or employment, in fact involve relatively important official positions—in Gregoire v. Biddle Attorneys-General of the United States, Directors of the Alien Control Unit of the Department of Justice, and a District Director of Immigration, in Barr v. Matteo the Acting Director of Rent Stabilization, in Howard v. Lyons a naval captain, Commander of the Boston Naval Shipyard.

There has been some uncertainty among scholars as to the reach of absolute privilege to the lower echelons of administrative employees. Cf. Prosser on Torts, 2d ed. (1955), Sec. 95, p. 612. While the language of the recent cases

1. A classic statement of the reasons for the recognition of the privilege is that of Judge Learned Hand in Gregoire v. Biddle, 177 F.2d 579, 581 (2 Cir. 1949) as quoted in part by Justice Harlan in Barr v. Matteo, 360 U.S. 564 at 571, 572, 79 S.Ct. 1335.

"It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation. * * *

"The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. * * * *" Gregoire v. Biddle, 177 F.2d 579, 581.

indicates an unlimited reach to the privilege, it may be possible that a case involving such an administrative employee at a minor grade might lead to a reexamination of the language. Plainly, though, there is better reason to hold the privilege absolute when applied to reports required or permitted to be made within an agency in the normal functioning of the agency's business, when these reports are required to be confidential as here and their disclosure would be a misdemeanor under 42 U.S.C.A. § 1306(a). Chief Justice Warren, dissenting in Barr v. Matteo, 360 U.S. 564 at 582, 79 S.Ct. 1335 at 1345:

"It may be assumed, *arguendo,* that a government employee should have absolute immunity when according to his duty he makes internal reports to his superior or to another upon his superior's order. Cf. Taylor v. Glotfelty, 6 Cir., 201 F.2d 51; Farr v. Valentine, 38 App.D.C. 413; DeArnaud v. Ainsworth, 24 App.D. C. 167, 5 L.R.A.,N.S., 163. This might be a practical necessity of government that would find its justification in the need for a free flow of information within every executive department. It may not be unreasonable to assume that if a maliciously false libel is uttered in an internal report, it will be recognized as such and discredited without further dissemination."

The defamatory statement here, in a report for internal agency use, properly concerned with the credibility of the appellant in the role of representative and witness as employer-husband of a claimant before the agency, clearly falls within the category of "internal libel" rather than public dissemination as by press release. Even if information so transmitted were damaging to plaintiff, it would appear quite unlikely that there would be any dissemination of the information beyond the Agency. There seems little disagreement that in the situation posed in the case presently before us the need for freedom of communication within the agency overbalances the somewhat remote and limited probability of damage to the person libeled; and that here the defendant should be cloaked with the immunity of absolute privilege.

The judgment of the District Court, dismissing the complaint, is affirmed.