**W. H. Pat O'BRYAN, Appellant,**

v.

**Stephen S. CHANDLER, Appellee.**

**No. 73–1466.**

United States Court of Appeals, Tenth Circuit.

Submitted Feb. 22, 1974.

Decided May 6, 1974.

---

Reagan M. Martin and Harvey L. Davis, Dallas, Tex., for appellant.

Carl L. Shipley, Washington, D. C., for appellee.

Irwin Goldbloom, Washington, D. C., for the U. S., amicus curiae.

Before VAN OOSTERHOUT, Senior Circuit Judge, and GIBSON, and STEPHENSON, Circuit Judges.[*]

GIBSON, Circuit Judge.

This appeal involves another chapter in the litigation between Judge Stephen S. Chandler and W. H. Pat O'Bryan.[1] Plaintiff-appellant O'Bryan asks us to reverse the District Court's[2] granting of Judge Chandler's second petition for removal of a state libel suit and motion for summary judgment for Judge Chandler in the removed libel action in federal district court. O'Bryan further requests us to reverse the District Court's order expunging the judgment entered in the state libel action and to order a remand of the libel suit to Oklahoma state court.

A complete repetition of the facts in this case is unnecessary, for in *Chandler II, supra* at 1047–1051, we detailed the relevant facts. The following information is pertinent to this appeal.

On December 8, 1965, O'Bryan filed a libel action in an Oklahoma state court seeking damages of $2,500,000 for an alleged libelous statement that Judge

---

[*] All of the Eighth Circuit, sitting by designation.

[1.] The history of the involved litigation of this case and some of the related cases appears in an earlier decision of this court. Chandler v. O'Bryan, 445 F.2d 1045, 1047–1051 (10th Cir. 1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972), rehearing denied, 405 U.S. 1049, 92 S.Ct. 1310, 31 L.Ed.2d 592 (1972) (hereinafter *Chandler II*). Herein, we shall refer to an earlier case, O'Bryan v. Chandler, 352 F.2d 987 (10th Cir. 1965), cert. denied, 384 U.S. 926,

86 S.Ct. 1444, 16 L.Ed.2d 530 (1966), involving the same parties, as *Chandler I*. The instant case therefore, is *Chandler III*.

[2.] Hon. Frank J. Battisti, Chief Judge of the United States District Court for the Northern District of Ohio, sitting by designation in the Western District of Oklahoma, filed memoranda and orders on the petition to remove and the motion for summary judgment, which are published. O'Bryan v. Chandler, 356 F. Supp. 714 (W.D.Okla.1973); O'Bryan v. Chandler, 356 F.Supp. 719 (W.D.Okla.1973).

Chandler released to a newspaper editor prior to an appellate argument before this court in *Chandler I*. Judge Chandler then filed his first petition to remove the libel suit to federal court pursuant to 28 U.S.C. § 1442(a)(3). The Honorable Richard B. Austin, United States District Judge, Northern District of Illinois, sitting by designation in the Western District of Oklahoma, conducted a hearing on April 18, 1966, on this petition to remove, and on May 24, 1966, held that the state libel action was not removable pursuant to 28 U.S.C. § 1442(a)(3). *Chandler II, supra* at 1050 n. 4.

Since the petition to remove was denied by Judge Austin, the state libel action was remanded to Oklahoma state court and tried there. Sometime during the week of trial beginning February 20, 1967, and ending February 25, 1967, O'Bryan altered his original complaint in the libel suit, according to the Government's brief[3], "to allege that the libelous statement occurred in the tan brief, a different document from that alleged in the original complaint." Judge Chandler unsuccessfully objected to this amendment at trial. The state trial judge directed a verdict for O'Bryan, the jury awarded $40,000 in compensatory and $10,000 in punitive damages on February 25, 1967, and the Oklahoma District Court entered judgment on September 22, 1967. Judge Chandler had filed a *second* petition to remove in federal courts on February 26, 1967, and this appeal in part is concerned with a review of the District Court's (Chief Judge Battisti's) granting of that second petition to remove.

With Judge Chandler's second petition to remove and O'Bryan's motion to remand pending, Judge Chandler filed a declaratory judgment action "in the nature of a Bill of Peace" in the federal district court, seeking to enjoin O'Bryan from any further litigation and to expunge the state libel judgment. Chief Judge Battisti was assigned to hear the second petition to remove, the motion to remand, and the declaratory judgment action. The second petition to remove and the motion to remand were held in abeyance. After receiving evidence on the declaratory judgment action, Chief Judge Battisti granted a motion for summary judgment for Judge Chandler in the declaratory judgment action, holding that Judge Chandler was judicially immune from liability for the complained-of-acts in the libel action, and ordered that the Oklahoma District Court expunge the judgment in the libel suit from its records. Judge Chandler's second petition to remove and O'Bryan's motion to remand were held in abeyance, while O'Bryan appealed the declaratory judgment action to this court.

*Chandler II* dealt with O'Bryan's appeal from the declaratory judgment and injunction granted in Judge Chandler's favor. In that case, this court held that there was no federal jurisdiction over the declaratory judgment action and reversed the District Court. *Chandler II, supra* at 1057. We also stated:

> Appellant O'Bryan, in addition to urging reversal of the judgment in the declaratory judgment action, requests us to enter an order requiring remand of the second removal of the libel suit to the State court. Since this matter is still pending in the trial court and has not been finally acted upon, we do not feel that we have jurisdiction to grant this relief.

*Chandler II, supra* at 1058.

Judge Chandler had not appealed the judgment entered in Oklahoma District Court to the Oklahoma Supreme Court and instead on remand of *Chandler II* sought a favorable determination in federal court on his second petition to remove. We now consider the validity of the second removal petition.

On remand of *Chandler II* to the federal district court, Chief Judge Battisti ruled for Judge Chandler on the second

---

3. The United States Department of Justice filed an *amicus curiae* brief for Judge Chandler in this case.

petition to remove and granted Judge Chandler's motion for summary judgment on the removed libel suit. O'Bryan's motion to remand was denied, and the expungement of the state libel judgment stood. Chief Judge Battisti first found that Judge Chandler's second petition to remove fell within the requirements of the second paragraph of 28 U.S.C. § 1446(b)[4], which allows more than one petition to remove. Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551 (1909); 1 Barron and Holtzoff, Federal Practice and Procedure, § 107 at 514 (1960). Chief Judge Battisti held that Judge Austin's order of remand in 1966 no longer controlled and that the second petition to remove should be granted, because O'Bryan amended his complaint in state court subsequent to Judge Austin's denial of Judge Chandler's first petition to remove in 1966, which amendment made applicable the provisions of § 1446(b).

There is no dispute factually concerning how plaintiff changed his original complaint in the state libel suit. That original complaint contained a plaintiff's Exhibit "A", entitled Official Statement of Judge Chandler, which was in part the *final* draft of the brief filed with this court in *Chandler I*. O'Bryan v. Chandler, 352 F.2d 987 (10th Cir. 1965), cert. denied, 384 U.S. 926, 86 S.Ct. 1444, 16 L.Ed.2d 530 (1966). This Exhibit "A" was a portion of what this court labeled the "blue" brief in *Chandler II*. During the trial of the state libel action, O'Bryan, over Judge Chandler's objection, was allowed to remove the two pages of the "blue" brief and to attach two pages of what we termed the "tan" brief to his original complaint. The "tan" brief was a preliminary brief of the final "blue" brief and was released to the editor of the Oklahoma Journal. We said in *Chandler II* that the "tan"

brief "differed in some respects from the blue brief as filed, but which included the bribery charge." *Chandler II, supra* at 1049. Chief Judge Battisti found that the plaintiff voluntarily amended his petition by the substitution of the two pages of the "tan" brief and that this amendment rendered the case removable under § 1446(b) pursuant to Judge Chandler's second petition to remove.

Since the state libel action was removed to federal court, Chief Judge Battisti proceeded to try that case. Judge Chandler moved for a summary judgment in the libel action pursuant to Fed.R.Civ.P. 56, which was granted upon the rationale that the alleged libel by Judge Chandler was protected by judicial immunity. O'Bryan appeals from the granting of Judge Chandler's petition to remove, from the denial of O'Bryan's motion to remand the libel suit to state court, and from the granting of summary judgment in the libel action in Judge Chandler's favor. We affirm the granting of Judge Chandler's second petition to remove and the granting of the summary judgment for Judge Chandler. The order expunging the state judgment of $50,000 therefore stands.

The first major issue in this appeal is whether Judge Chandler's second petition to remove the state libel suit should have been granted pursuant to the second paragraph of 28 U.S.C. § 1446(b) *supra*. Judge Chandler makes the following argument:

> 28 U.S.C.A. § 1446(b) provides an *absolute right* for Appellee Chandler, as a federal judge, to remove an action previously removed, when, as in this case, the complaint has been amended (the original complaint was based on two pages of a brief filed in the Tenth Circuit but was later

---

4. The second paragraph of that section reads:

 If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

amended to state a different cause of action by substituting two pages of another document which had not been filed in the Tenth Circuit . . .), or when a "motion, order or other paper" discloses grounds for removal (subsequent to Judge Austin's May 24, 1966, order, there were depositions, a court proceeding, affidavits, exhibits, and other motions, orders and other papers, which were never before Judge Austin . . .). [emphasis in original].

The Department of Justice in its *amicus curiae* brief expands defendant's argument under 28 U.S.C. § 1446(b). In addition to arguing that plaintiff's amending of his original complaint in the state libel suit provided a sufficient basis for granting a second petition to remove, the Government contends that the most important reason for requiring removal under 28 U.S.C. § 1446(b) is the Supreme Court's decision in Willingham v. Morgan, 395 U.S. 402, 89 S. Ct. 1813, 23 L.Ed.2d 396 (1969), which, according to the Government, reversed the Tenth Circuit's interpretation of the "color of office" test for removal. The Government states that the case "became removable" after *Willingham*, which was decided by the Supreme Court in 1969. Although not basing his rationale of removal on *Willingham* alone, Chief Judge Battisti also referred to *Willingham* by saying that "the Supreme Court held the right of removal under Section 1442 is made *absolute* whenever a suit in a State court is for any act 'under color' of federal office, and the test for removal is even broader than the test for official immunity itself." (emphasis in original).

■ O'Bryan first argues that Judge Chandler did not file his second petition to remove within the time requirements of 28 U.S.C. § 1446(b). The substance of O'Bryan's claim is that his alteration of his state court complaint cannot be considered an amendment under § 1446(b), and therefore there was no commencing of a 30-day period of time to file a second petition to remove. He also argues that there was no other "amended pleading, motion, order or other paper" that demands application of § 1446(b). We think O'Bryan's substitution of two pages of the "tan" brief for two pages of the "blue" brief to an exhibit of the state court complaint did constitute "an amended pleading", within the provisions of § 1446(b). From this point, there is no dispute concerning the actual dates involved. O'Bryan amended his original state court petition sometime during the state court trial, which took place from February 20–25, 1967. Judge Chandler filed his second petition to remove in federal court on February 26, 1967.[5] Since the 30-day time period under § 1446(b) commenced from the receipt by the defendant Chandler of the amended state court complaint, which occurred during the trial, Judge Chandler's filing of his second petition to remove on February 26, 1967, was timely.

We turn next to the issue of whether O'Bryan's substitution of two pages of the "tan" brief to his original state court complaint constitutes an amendment that provides a sufficient basis to invoke the second paragraph of § 1446(b) and to grant Judge Chandler's second petition to remove. Initially, we agree with the District Court that § 1446(b) allows for more than one petition to remove. The enactment of § 1446(b) has been said to codify or be "declaratory of the existing Rule as laid down by the decisions." Putterman v.

---

5. The appendix filed on appeal is this case contains two errors concerning the filing date of Judge Chandler's second petition to remove. The appendix shows that Judge Chandler filed his second petition to remove on February 2, 1967. Appendix at 2. However, the original federal district court's files show that the second petition for removal was officially stamped as being filed on February 26, 1967. Judge Chandler's counsel also sent a Notice of Removal to O'Bryan and his attorney, which was also filed. The appendix shows that this notice was filed on February 26, 1962 (Appendix at 58) ; however, the actual date of filing was February 26, 1967.

Daveler, 169 F.Supp. 125, 129 (D.Del. 1958); *accord,* 1 Barron and Holtzoff, Federal Practice and Procedure, § 107 at 514 (1960); 2 U.S.Code Cong. & Admin. News, pp. 1248, 1268 (1960), quoted in 1A Moore's Federal Practice § 0.168[3.–5] at 1232 n. 6 (2d ed. 1965), quoting H. Rep.No. 352, to accompany HR 3762, 81st Cong. 1st Sess. (1949). Clearly, before the enactment of § 1446(b) in 1949, more than one petition to remove was permissible. *E. g.,* Fritzlen v. Boatmen's Bank, 212 U.S. 364, 29 S.Ct. 366, 53 L.Ed. 551 (1909); 1A Moore, *supra* at § 0.168[3.–5] at 1240–47. Section 1446(b) has enacted the decisional law in this regard, and therefore more than one petition to remove may be allowed in certain cases.

Generally, the second paragraph of § 1446(b) is designed to allow a defendant to remove a state action when it was not originally removable as stated by the plaintiff's initial complaint in the state court, but has become removable due to the filing in state court of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); Powers v. Chesapeake & Ohio Railway, 169 U.S. 92, 102, 18 S.Ct. 264, 42 L.Ed. 673 (1898); Fritzlen v. Boatmen's Bank, *supra* at 372. Differing amendments of state court complaints have established varying and commonly occurring circumstances in which a defendant is allowed to remove a case beyond the time requirements of removal as stated in the first paragraph of § 1446(b) or for a second time. For example, a defendant's second petition to remove should be granted when the plaintiff has dismissed certain defendants, making it first ascertainable that diversity of citizenship exists. Powers v. Chesapeake & Ohio Railway, *supra;* 1A Moore, *supra* at § 0.168[3.–5] at 1242 n. 32. The amending of a complaint in state court to allege the federal jurisdictional amount of damages is another circumstance allowing application of the second paragraph of § 1446(b) and granting of

a second petition to remove. Remington v. Central Pacific R. R. Co., 198 U.S. 95, 25 S.Ct. 577, 49 L.Ed. 959 (1905).

 It is equally clear, however, that not every amendment to a plaintiff's original complaint in state court allows the granting of a second (or subsequent) petition to remove. Although a defendant may file a petition to remove an action in which plaintiff has varied his original state court complaint, it does not follow that the amendment *per se* establishes a right to remove. According to the statute itself, there must be both an amended pleading or paper and a ground for asserting removability that exists for the first time. 28 U.S.C. § 1446(b). Not all amended pleadings or papers in state courts have sufficed for removal. McLaughlin v. Hallowell, 228 U.S. 278, 33 S.Ct. 465, 57 L.Ed. 835 (1913); St. Paul & Chicago Railway Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L.Ed. 703 (1883); Poindexter v. Gross & Janes Co., 167 F.Supp. 151 (W.D.Ark.1958); Gray v. Stanford Research Institute, 108 F.Supp. 639 (N.D.Tex.1952); Key v. West Kentucky Coal Co., 237 F. 258 (W.D.Ky.1916).

To come within the perimeters of § 1446(b), the amendment of the state court complaint must be one that makes the case removable at the time of the amendment, when the original state court petition did not state a removable action. Judge Austin held the original complaint not removable. We cannot and do not review that decision. Professor Moore says:

> The remand order [a first remand] is, therefore, conclusive only as to the matters that were adjudged or could have been presented at that time as a basis for removal. And when subsequent developments make the case removable, since these were not concluded by the prior remand order, a timely second petition for removal may be made.

1A Moore, *supra* at § 0.169[3] at 1491 (footnotes omitted).

■ The cases develop the following principles to be applied in determining the granting of a second petition to remove. First, the plaintiff must voluntarily amend his state court complaint after an order of remand has been entered. Key v. West Kentucky Coal Co., *supra* at 263–64; 1A Moore, *supra* at § 0.169[3] at 1491. In this case, there is no dispute that O'Bryan substituted the two pages of the "tan" brief for the two pages of the "blue" brief.

Second, the voluntary action of the plaintiff in amending his state complaint must set forth a ground for removal that appears for the first time. In *West Kentucky Coal Co.*, the court said that "we see from that opinion [Powers v. Chesapeake & Ohio Railway Co., *supra*] that two things must concur to vindicate the filing of a second petition for removal, namely, the appearance in the record for the first time of a state of fact which authorizes the removal and the prompt filing by the defendant of a new petition showing the facts as they then exist." Key v. West Kentucky Coal Co., *supra* at 261.[6] In *McLean* the Supreme Court held that a second petition to remove could not be granted to the same party upon "the same grounds" as a first petition. St. Paul & Chicago Railway Co. v. McLean, *supra* at 217. In McLaughlin v. Hallowell, the Supreme Court, in denying a second petition to remove, again said that the second petition for removal alleged the same grounds as the first petition. McLaughlin v. Hallowell, *supra* at 293–94.

These cases, therefore, hold that a different ground for removal must be alleged in the second petition that was not alleged in the first petition. For example, if the plaintiff adds or dismisses a party to his state action after the remand and creates diversity of citizenship, a defendant may remove the action for the second time. The federal court then again may determine whether diversity exists so as to grant the second removal petition. *Powers* involved this situation. Similarly, if the plaintiff amends his state court petition to exceed the federal jurisdictional amount, as in *Remington*, the federal court can determine whether the second petition to remove should be granted.

■ The legal phrase "same grounds," used by the Court in *McLean* and *Hallowell*, does not mean the same cause of action or theory of recovery. In order to state a sufficient basis for a second petition to remove, plaintiff need not allege another claim upon which relief could be granted. In other words, plaintiff originally in suing on a libel theory need not allege a slander averment to state a different ground for removal. Stated oppositely different grounds more precisely mean a different set of facts that state a new ground for removal. Key v. West Kentucky Coal Co., *supra* at 261. The removal cases in which parties were added or dismissed by amendment thereby creating diversity and the removal cases in which the federal jurisdictional amount is reached due to amendments are consistent with this interpretation. In those cases, the theory or claim for relief did not change; only the parties or the amount in controversy was altered by the plaintiffs' voluntary actions.

■ In this case, plaintiff voluntarily amended his state court complaint after Judge Austin's 1966 order of remand to aver that the alleged libelous statements occurred in the "tan" brief rather than the "blue" brief. Judge Austin had before him the non-amended state court petition alleging that the li-

---

6. In *West Kentucky Coal Co.*, the court found that the status of the parties in relation to diversity citizenship, separable controversy (*see* 1A Moore, *supra* at § 0.162 [1], separable controversy is no longer a basis for removal), and fraudulent joinder had not changed since the first petition for re-moval and denied the second petition. The court also held that a judicial decision dismissing the action against a defendant due to a jury's verdict and making the case non-diverse did not make the case removable.

belous statements appeared in the "blue" brief, and, therefore, could only have properly ruled that the case was not removable as stated by the *original* state court complaint.[7] Judge Chandler's second petition to remove was based on a different ground or set of facts than the first removal petition. In attempting to remove the case to federal court in both petitions, Judge Chandler relied on 28 U.S.C. § 1442(a)(3), which reads:

*Federal officers sued or prosecuted.* —(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

\* \* \* \* \* \*

(3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties \* \* \*.

The place where the alleged libel is published is significant in determining whether an officer of the court is acting "under color of office or in the performance of his duties." 28 U.S.C. § 1442(a)(3). Since plaintiff here *voluntarily* changed his state court complaint, since this amendment could not have been known to Judge Austin, and since the place of the alleged libel stated a different ground for removability, Chief Judge Battisti properly reviewed the second petition to remove to determine the changed factual circumstances and to apply the appropriate law.

We next must decide whether the actual granting of the petition to remove was correct.[8] We think the second

---

7. Judge Austin did not have the amended state court complaint before him when he denied the first petition to remove. O'Bryan argues that the amendment to the state court complaint "was anticipated by Judge Austin" and, therefore, the exact facts presented during the state trial and according to the amended complaint were before Judge Austin. We agree that Judge Austin was aware of the existence of the "tan" and "blue" briefs when he ruled on the first petition to remove. *Chandler II, supra* at 1052–54, at some length discusses what was before Judge Austin. However, we disagree that Judge Austin's 1966 order of remand can be seen as anything other than remanding the state court complaint as it stood at the time of remand, a libel action based on the unamended complaint. In fact Judge Austin's May 24, 1966, order of remand stated in part that "Defendant's acts complained of in the Plaintiff's *Original* Petition were not done in the performance of his official duties as a Judge." (Emphasis added). The transcript of the hearing on the first petition to remove does not show that plaintiff said that he was going to amend his state court petition. In determining removability for a federal court officer, the state court complaint, the petition to remove, and any affidavits may be evaluated. *Poss v. Lieberman*, 299 F.2d 358, 359 (2d Cir.), cert. denied, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962); accord, *Blitz v. Boog*, 328 F.2d 596, 600 (2d Cir.), cert. denied, 379 U.S. 855, 85 S.Ct. 106, 13 L.Ed.2d

58 (1964); *Teague v. Grand River Dam Authority*, 279 F.Supp. 703, 705 (N.D.Okla. 1968); *Vendetti v. Schuster*, 242 F.Supp. 746, 750–51 (W.D.Pa.1965). If plaintiff contests by a motion to remand the defendant's assertions that defendant was acting under color of office, the district court must hold a hearing to determine the jurisdictional issues. *Wilson v. Republic Iron Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921); 1A Moore, *supra* at § 0.164 [2] at 832–33. Judge Austin properly conducted a hearing and had before him the state court unamended complaint and the defendant's first petition to remove. However, no authority holds that the affidavits, petition to remove, or evidence at the hearing can change the state cause of action to determine removability. Judge Austin's 1966 order of remand does not extensively describe the basis for his decision, and we can only assume that the order remanded the unamended state court complaint as the order so stated.

8. We have to this point determined that the second petition to remove was timely filed, that the plaintiff voluntarily amended his petition, and that the amended petition stated a new factual ground for removal. We now review whether the new grounds for removal (the alleged libel as appearing in the "tan" brief) stated a case for removal under § 1442(a)(3). An order granting removal is reviewable by this court, *Wilson v. Republic Iron Co.*, 257 U.S. 92, 96–97, 42 S.Ct. 35, 66 L.Ed. 144 (1921), whereas an order remand-

petition to remove based on § 1442(a)(3) was properly granted by Chief Judge Battisti. After Chief Judge Battisti determined that the second petition to remove should be allowed due to O'Bryan's amending of his state court complaint, he applied Willingham v. Morgan, 395 U.S. 402, 406, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969), which held that the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act "under color" of federal office, regardless of whether the suit could originally have been brought in a federal court. The Supreme Court in *Willingham* reversed the lower court decision of this court in Morgan v. Willingham, 383 F.2d 139 (10th Cir. 1967).

Under the unusual facts of this case it was correct for the District Court to apply the 1969 Supreme Court decision in *Willingham* to Judge Chandler's second petition to remove filed on February 26, 1967. Due to the continuing litigation in this case, a strange set of circumstances has developed. The second petition to remove was held in abeyance from February 26, 1967, until the granting of that petition on February 28, 1973. In that hiatus, the Supreme Court decided *Willingham* on June 9, 1969, adopting broad standards for removal. However, we are faced with the issue of whether *Willingham* should be applied to a case involving an amended petition *and* a later court decision allegedly changing the law.[9]

First, this case does not involve the situation in which a later opinion changing the law is said to be the *only* and sufficient reason for removal. Avco Corporation (Lycoming Div.) v. Local 1010 of International Union, 287 F. Supp. 132, 133 (D.Conn.1968), properly

held that § 1446(b) does not reach "a subsequent court decision, in a wholly unrelated case, defining what constitutes a basis for removal to the federal court." That rationale comports with the purpose of nonreviewability of an order to remand under § 1447(d). To allow a subsequent court decision to provide a sufficient basis in itself for a second petition to remove under § 1446(b) would destroy the finality of an order to remand and the "Congressional policy of 'not permitting interruption of the litigation of the merits of a removed case by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed.' " *Chandler II, supra* at 1057, quoting United States v. Rice, 327 U.S. 742, 751, 66 S.Ct. 835, 90 L.Ed. 982 (1946). We see no end to that rationale and to a remanded case, if a later court decision would be a sufficient reason in itself to permit subsequent petitions to remove.

This case is unlike *Avco Corporation*. The plaintiff here voluntarily amended his state court complaint, which allows the filing and consideration of the second petition to remove. The question here is whether *Willingham* should be applied to a case in which an amended petition has allowed application of § 1446(b). Since this case is removable due to the plaintiff's voluntary amending of his state court complaint, we think that it would serve no purpose to apply any law but the current Supreme Court's position on removal as announced in *Willingham*. According to *Willingham*, Judge Chandler had the right to remove this case to federal court, for § 1442(a)(3) concerning court officers should be read as broadly as the Court read § 1442(a)(1) concerning federal officers in *Willingham*. We also think that at the very least, Judge Chan-

ing an action is not reviewable. 28 U.S.C. § 1447(d); *Chandler II, supra* at 1050, 1057.

9. It is not entirely clear that the Supreme Court's decision in *Willingham* reversed the Tenth Circuit's view on removal for a defendant-court officer. *Willingham* involved removal by a warden and chief medical officer

of a federal penitentiary under § 1446(a) (1). In Morgan v. Willingham, 383 F.2d 139, 141 (10th Cir. 1967), this court stated: In this respect, the removal statutes parallel the common law doctrine of immunity which applies broadly to judicial officers and narrowly to agents of the Executive Branch of the Federal Government.

dler had the right to present "a colorable defense arising out of [his] duty to enforce federal law." *Willingham v. Morgan*, 395 U.S. at 407. Certainly removal and federal jurisdiction in this case as in *Poss* rest on a strong federal interest. *Poss v. Lieberman*, 299 F.2d 358, 359 (2d Cir.), cert. denied, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962). Judge Chandler had the right to present his claim of judicial immunity to a federal court. The question is whether Judge Chandler's publication of the "tan" pages with the allegedly libelous statements therein to a newspaper editor raised at least a colorable defense that must be heard on the merits in federal court.

We turn next to the merits of the removed libel suit. The subject matter of this new removed libel suit is the same libel suit referred to as the "second libel suit" in *Chandler II, supra* at 1050. In September, 1963, O'Bryan filed a malicious prosecution, libel, and slander action against Judge Chandler in state court, which was removed to federal court and heard by Judge Roy Harper, who found that Judge Chandler was protected from liability due to the doctrine of judicial immunity. *O'Bryan v. Chandler*, 249 F.Supp. 51 (W.D.Okla.1964). O'Bryan appealed that adverse decision to this court.

On August 15, 1965, a Sunday, Judge Chandler asked John Clabes, then managing editor of the Oklahoma Journal, to meet with him in his chambers. During that meeting on August 15th, Judge Chandler asked Clabes to look over the "tan" brief for technical and grammatical corrections. Judge Chandler was going to file a final copy of that brief with this court in O'Bryan's appeal from *O'Bryan v. Chandler*, 249 F.Supp. 51 (W.D.Okla.1964). That document, the "tan" brief, was *not* filed with this court. *Chandler II, supra* at 1049. Judge Chandler specifically told Clabes that the contents of the "tan" brief should not be released until Clabes procurred the final document, the "blue" brief, filed with this court. Judge

Chandler did file a final document, the "blue" brief, with this court on August 18, 1965, the day of oral argument for *Chandler I*.

In the "blue" brief, Judge Chandler made many references to O'Bryan as being an accomplice in the bribery of the Oklahoma Supreme Court in the Selected Investments case. These comments were made in explanation of Judge Chandler's defense of O'Bryan's first libel, slander, and malicious prosecution suit then on appeal. We found in *Chandler II* that the "[tan brief] differed in some respects from the blue brief as filed, but which included the bribery charge." *Chandler II, supra* at 1049. This conclusion was in relation to the following situation. The "blue" brief contained the phrase "O'Bryan was an ACCOMPLICE if not the MASTER MIND", whereas the "tan" brief contained the phrase "O'Bryan was an ACCOMPLICE if not the MASTER MIND" in typing, with the handwritten words of "in the selected bribery of the court" immediately following. It is unclear who added those handwritten words. Nevertheless, the omitted phrase, we think, changes little, so far as the law of libel here is concerned (*not* the law on removal), the import of Judge Chandler's statements in the "blue" brief, which contained many references to O'Bryan as being an accomplice of the bribery of the Oklahoma Supreme Court.

On August 19, 1965, the day after the final "blue" brief was filed, the Oklahoma Journal published a front page article with a full page headline reading "O'Bryan called 'Bribe Mastermind'", Judge Chandler's picture appeared prominently next to the headline and article. Judge Chandler had sent copies of the "blue" brief to Clabes of the Oklahoma Journal and to the Times and Oklahoman. Other area newspapers published short articles on the case but "did not include the bribery charge." *Chandler II, supra* at 1050. On November 30th, 1965, this court found that Judge Chandler was judicially immune

from liability in the *first* libel, slander, and malicious prosecution suit. *Chandler I, supra.* Thereafter, this instant suit was filed, the *second* libel suit, and eventually Chief Judge Battisti granted a summary judgment for Judge Chandler in the removed libel suit.[10]

■■■ The major issue regarding judicial immunity is whether Judge Chandler's publication of allegedly libelous statements in either the "blue" or "tan" briefs is protected by the doctrine of judicial immunity. We think that the judicial immunity doctrine encompasses this entire situation. In defending the *Chandler I* law suit, Judge Chandler basically repeated in his briefs substantially similar statements that were presented to the grand jury.[11] Judge Chandler also released the substantially similar "tan" brief to an editor of the Oklahoma Journal, but with explicit instructions to read the final draft and to publish no article before the brief was filed, and, therefore, became public information. Judicial immunity covers the entire situation; no matter which brief or publication of alleged libel is at issue. Appellant's brief does not argue that the doctrine of judicial immunity was improperly applied by the District Court, for he has only argued on this appeal that the second petition to remove should not have been granted. Under the posture of this case, we feel compelled to explain our reasons for upholding the summary judgment.

The publication of libel most advantageous to reverse the summary judgment is the release of the "tan" pages to Clabes before the final "blue" brief was filed. The pertinent question is whether this publication was an official act of a judge, thereby requiring the application of absolute judicial immunity. Judge Learned Hand pinpoints the crux of judicial immunity:

> The decisions have, indeed, always imposed as a limitation upon the im-

munity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. *What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him.*

Gregoire v. Biddle, 177 F.2d 579, 581 (2d Cir. 1949) (emphasis added).

Judge Chandler's release of the "tan" pages to Clabes was such an "occasion" when he was using his judicial powers entrusted to him. The alleged libel in the "tan" and "blue" legal briefs was in defense of an action with allegations concerning acts of Judge Chandler performing in his capacity as a judicial officer. In *Chandler I*, the District Court and this court applied the doctrine of judicial immunity to those actions.

Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), indicates the strength of the broad-reaching protection of immunity. Though involving a libel suit against a federal agency officer, *Matteo* includes broad language in respect to all "officers of government"[12], and its holding is applicable here.

In *Matteo,* the plurality held that the federal officer's allegedly libelous act "was within the outer perimeter of petitioner's line of duty" and applied the doctrine of absolute immunity. Barr v. Matteo, *supra* at 575. Mr. Justice Black concurred, reasoning that the allegedly libelous publication was neither "unau-

---

10. The layman often wonders how the judicial process can be so entangled with a maze of a series of cases, all with their separate arguments, intricacies and delays. So do we.

11. *Chandler II, supra* at 1049.

12. Barr v. Matteo, *supra* at 569.

thorized nor plainly beyond the scope of [the officer's] official business." Barr v. Matteo, *supra* at 577–78. By either standard, the alleged libel by Judge Chandler was within his official function as a judicial officer by defending himself in his appellate brief in a suit in which the allegations concerned a judge's official acts.[13] As a matter of law, Judge Chandler is not legally responsible for the alleged libel. Since there are no disputed factual issues and since the doctrine of judicial immunity applies as a matter of law, summary judgment was properly granted for Judge Chandler.[14]

■ Of course, the merits of the alleged libel against O'Bryan have never been decided in federal court. This opinion has not stated any view on the merits of those claims or the propriety of Judge Chandler's activities. The issues of removal and judicial immunity only have been discussed. If acting within his official capacity, a judge may scurriously attack counsel, parties, and witnesses who appear before him and escape legal accountability. The rule of judicial immunity is not designed to create a privileged class of citizenry immune from illegal acts, but rather its purpose is to protect the judge from the necessity to constantly defend himself, at the expense of the administration of justice, from possibly countless suits filed by dissatisfied litigants and counsel. One basis of judicial immunity is the expectation that those who are wronged by prejudicial acts of judges are far outnumbered by those who would harass judges with frivolous and unfounded suits. Gregoire v. Biddle, *supra* at 581, *quoted* in Barr v. Matteo, *supra* at 572–573. If a judge is acting within

his official capacity, absolute immunity applies to protect the functioning of the judicial system so as to serve the people as a whole. A judge should not have to submit to trials to establish any qualified immunity. Summary judgment was prudently granted in this case. Unfortunately, this controversy, with its attendant suits, has consumed years of time and energy that could have been more creatively used otherwise. We hope for the sake of the parties and the public this controversy can come to a final resting place.

The District Court is affirmed.

VAN OOSTERHOUT, Senior Circuit Judge (dissenting).

Contrary to the view expressed by my brethren in the majority opinion, I am convinced that Judge Chandler has had a full and fair hearing before Judge Austin on plaintiff's original motion to remand to the state court. Judge Chandler's right to remove to federal court under 28 U.S.C. § 1442 on the basis of judicial immunity was raised by Judge Chandler in his petition to remove and was fully considered by Judge Austin. An evidentiary hearing was held, after which the case was remanded to the state court. The remand order, dated May 24, 1966, filed June 3, 1966, in pertinent part reads:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant's acts complained of in the Plaintiff's Original Petition were not done in the performance of his official duties as a Judge of the District Court of the Western District of Oklahoma, that they were not acts done under color of judicial office. There is no other Federal issue involved therefore the Plaintiff's motion to re-

---

13. It could be argued that Judge Chandler would have an absolute privilege also as an attorney, since he prepared his own brief. Even though the concepts overlap, the doctrine of judicial immunity, we think, extends to the facts of this case.

14. The doctrine of absolute judicial immunity is well-established. Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871); Garfield v. Palmieri, 297 F.2d 526, 527 (2d Cir. 1962); Meredith v. Van Oosterhout, 286 F.2d 216, 221–222 (8th Cir. 1960); Brictson v. Woodrough, 164 F.2d 107, 109 (8th Cir. 1947); Restatement of Torts § 585 (1938); Wm. Prosser, Torts § 109 at 796 (3rd ed. 1964); A.B. Hanson, Libel and Related Torts §§ 111 and 112 (1969).

mand is granted and the case is remanded to the State Court from whence it came.

I agree with the majority holding that the second paragraph of 28 U.S.C. § 1446(b) governs the right to file the second petition for removal here involved, and that said statute applies only if both an amended pleading or paper is filed and a ground for asserting removability is thereby disclosed for the first time.

My departure from the majority arises with respect to applying such law to the facts of this case as disclosed by the record.

The amendment which is described in some detail in the majority opinion was filed during the course of the state trial on the merits. Such amendment made no material change in plaintiff's cause of action. The basis of plaintiff's action before and after the amendment was that Judge Chandler on August 14, 1965, delivered to Mr. Clabes, Managing Editor of the Oklahoma Journal, a document charging that plaintiff was the mastermind of bribes alleged to have been paid to the Supreme Court of Oklahoma. Attached as an exhibit was the blue brief which was subsequently filed with the Tenth Circuit on August 19, 1965, in connection with *Chandler I*. The pages of the tan brief (preliminary draft) which were substituted by the amendment differ in no material respect from those of the blue brief.

More importantly, the amendment did not for the first time assert a ground for removability which had not previously been asserted. The defense of judicial immunity was raised and considered in the remand proceedings before Judge Austin and such defense was raised by the defendant in the state court proceeding by his answer filed in July 1966. The second petition for removal was filed February 26, 1967, several days after the completion of the state court trial and the jury verdict in the state court against Judge Chandler.

I agree that the well-established doctrine of judicial immunity should be liberally construed. Such is the holding in *Willingham v. Morgan*, 395 U.S. 402, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). I find nothing in Judge Austin's remand order which reflects the judicial immunity issue was not so considered. In any event Judge Austin's remand order is not reviewable by reason of 28 U.S.C. § 1447(d). *Chandler v. O'Bryan*, 445 F.2d 1045, 1056 (10th Cir. 1971).

I agree that this prolonged litigation has placed a heavy burden on all parties. I am not shocked by the result reached by the majority. However, I feel no legal basis exists for permitting the second removal petition under § 1446(b) or otherwise. The trial court lacked jurisdiction to enter the judgment appealed from. I would reverse the judgment and remand to the state court.